## 27990. McAULIFFE v. RUTLEDGE.

INGRAM, Justice. This is a habeas corpus case from the Superior Court of Muscogee County. It grows out of a prior conviction of the appellant in that court on drug violations. The conviction and resulting sentence of two years were followed by an appeal in forma pauperis to the Court of Appeals of Georgia and the history of the case can be found in the opinion of that court as reported in *McAuliffe v. State,* 127 Ga. App. 249 (193 SE2d 219) (1972).

The appellant did not have his criminal case reviewed on the merits in that appeal. Preparation of the trial transcript was delayed and his counsel obtained four extensions of time for filing it. However, the fifth application was filed out of time, and upon motion by the state, the trial court dismissed the appeal. This dismissal was the issue on appeal and it was affirmed by the Court of Appeals. Certiorari was denied by this court on December 4, 1972.

This is the background of the case that prompted the filing of the present habeas corpus action which is now here for review. The

appeal presents several questions growing out of the original trial and dismissal of the criminal appeal. The appellant argues that he was denied due process of law by the dismissal of his appeal and that the trial court failed to make proper findings of fact and conclusions of law in the habeas corpus order as required by the provisions of Ga. L. 1967, pp. 835, 836 (Code Ann. § 50-127 (9)). On the other hand, the appellee insists that appellant's due process argument was laid to rest in the previous appeal and that the trial judge complied with the Habeas Corpus Act because he not only heard the original appeal but also heard this habeas corpus proceeding in which he referred to and adopted the prior record and rulings. Both parties cite the same case, *Day v. Mills,* 224 Ga. 741, 744 (164 SE2d 828) (1968) in support of their respective positions on whether there was a compliance with the Habeas Corpus Act. As the appellee points out, the *Day* case holds in Division 3 of the opinion of this court, written by then Presiding Justice Almand, that the law "simply requires the trial judge to set out his findings of fact showing a consideration of the facts of the case and a determination in relation to these facts." In that case, the determination showed "the incorporation of and consideration of the facts before the court." In the present case, the trial court referred in the habeas corpus proceeding to the records admitted in the prior proceeding and, at least by implication, adopted his prior ruling on the dismissal of the criminal appeal. Consequently, we hold that the trial court complied with the Habeas Corpus Act (Code Ann. § 50-127 (9)) in its habeas corpus ruling.

The appellant's argument that the trial court erred in dismissing the criminal appeal has been adjudicated in the previous appeal where this issue was raised and ruled on by the Court of Appeals and the denial of certiorari by this court. Hence, we find no error in either of these two enumerations of error by the appellant.

It is unnecessary to reach the third enumeration of error dealing with the search and seizure question argued by appellant because there is an important due process question in this case that has not been determined and should be first decided.

The record before this court, which includes the record of the earlier appeal, reveals that neither the trial court nor the Court of Appeals ruled on a vital due process question shown by the present record. This question is whether the appellant has been denied effective assistance of counsel on appeal resulting in a denial of his right of appeal on the merits of the criminal case.

In Douglas v. California, 372 U. S. 353 (83 SC 814, 9 LE2d 811) (1963), a United States Supreme Court case of significance, it was held that an indigent who desired to appeal was entitled to counsel on appeal. This right extends to every indigent accused who indicates his desire to appeal. This accused tried to appeal in forma pauperis through his trial counsel. Since he had counsel on appeal, it would follow that he is entitled to effective counsel. See Lumpkin v. Smith, 439 F2d 1084 (5th Cir., 1971), and cases cited therein, e. g., Nelson v. Peyton, 415 F2d 1154 (4th Cir. 1969). This is true because the right to counsel would otherwise be meaningless. The right to counsel is his most vital and precious right since any other rights the accused may possess will remain sterile unless he has effective counsel to assert them in his behalf. A leading case in Georgia dealing with the denial of counsel is *Sims v. Balkcom,* 220 Ga. 7 (136 SE2d 766) wherein this court held that the accused was entitled to post-conviction counsel and the failure of the trial court to appoint counsel to advise the accused of his right to move for a new trial and prosecute an appeal within the time provided by law, resulted in the ordering of a new trial for defendant.

The present habeas corpus appeal to this court indicates that while other substantial issues have been argued and ruled on in the earlier appeal, no determination has ever been made as to whether the appellant was denied effective assistance of counsel in the abortive effort to appeal the criminal conviction. In our opinion, this due process question is inescapable in this case and is one that should be argued, considered and determined in the trial court. Habeas corpus proceedings are not bound by ties of technical pleading, but embrace every legitimate issue involved in an evidentiary determination by the court of the legality or illegality of the imprisonment. See *Johnson v. Caldwell,* 229 Ga. 548 (192 SE2d 900) (1972); and Dixon v. Caldwell, 471 F2d 767 (5th Cir., 1972). This must include the issue of effective assistance of counsel on appeal in the circumstances of a case such as this one where the criminal appeal has been dismissed because of counsel's failure to perfect the record for appeal within the time provided by law. The case is, therefore; affirmed in part and reversed in part with direction to the trial court to conduct an evidentiary hearing on the appellant's habeas corpus petition in accordance with this opinion.

*Judgment affirmed in part; reversed in part with direction. All the Justices concur.*

4

SUBMITTED JUNE 11, 1973 — DECIDED SEPTEMBER 6, 1973.

Grogan, Jones & Layfield, John C. Swearingen, Jr., for appellant.
E. Mullins Whisnant, District Attorney, for appellee.