## 28906. CUNNINGHAM v. THE STATE.

UNDERCOFLER, Justice.
The Court of Appeals dismissed this criminal appeal because the judgment had not been entered when the appeal was filed. The Court of Appeals relied upon *Bonzheim v. Bonzheim,* 227 Ga. 478 (181 SE2d 363) in which this court held that a judgment could not be considered appealable until it was actually entered.

The applicant, however, contends that she has been denied due process and equal protection of law under the Federal and Georgia Constitutions (Code § 1-815, Code Ann. §§ 2-102, 2-103) because of a procedural mistake of her attorney.

In *McAuliffe v. Rutledge,* 231 Ga. 1, 3 (200 SE2d 100), this court held that an indigent was entitled to effective

assistance of counsel on appeal and that an abortive attempt to appeal a criminal conviction was a denial of effective assistance of counsel.

While there is no per se constitutional right to appeal, the Supreme Court of the United States has held that once a state establishes an appellate forum it must assure access to it upon terms and conditions equally applicable and available to all. North Carolina v. Pearce, 395 U. S. 711 (89 SC 2072, 23 LE2d 656); Griffin v. Illinois, 351 U. S. 12 (76 SC 585, 100 LE 891, 55 ALR2d 1055); Douglas v. California, 372 U. S. 353 (83 SC 814, 9 LE2d 811); *Hancock v. Board of Tax Assessors of Harris County,* 226 Ga. 570 (176 SE2d 102).

The applicant in this case is not an indigent but the dismissal of her appeal because of the abortive attempt made in this case denies her due process and equal protection of the laws.

Under these circumstances in a criminal case, the rule announced in *Bonzheim v. Bonzheim,* 227 Ga. 478, supra, cannot be applied.

*Judgment reversed. All the Justices concur.*

SUBMITTED MAY 24, 1974 — DECIDED JUNE 18, 1974.

*Thomas H. Harper, Jr.,* for appellant.
*Lewis R. Slaton, District Attorney,* for appellee.