## 30193. THE STATE v. DENSON.

GUNTER, Justice.

We granted the state's application for a writ of certiorari to review the decision and judgment of the Court of Appeals which was adverse to the state. See *Denson v. State,* 134 Ga. App. 876 (216 SE2d 606) (1975). We granted the writ to determine whether the Court of Appeals in its *Denson* decision has misinterpreted and misapplied this court's decisions in *Cunningham v. State,* 232 Ga. 416 (207 SE2d 48) (1974) and *McAuliffe v.*

*Rutledge,* 231 Ga. 1 (200 SE2d 100) (1973). The Court of Appeals, after stating that it was bound by these two decisions, said: "There, the Supreme Court of Georgia, in effect, holds that if the appellant and his attorney failed to follow the prescribed rules of practicing law in bringing cases from the lower courts to the appellate courts for review, we must nevertheless consider his appeal." P. 877.

We conclude that this language amounts to an erroneous interpretation and misapplication of those two decisions of this court.

*McAuliffe* was a habeas case that was remanded to the habeas court for a determination of whether the technical error on the part of the appellant's attorney amounted to ineffective assistance of counsel that prohibited appellant from having his appeal determined on the merits.

*Cunningham* was also a technical error case; the notice of appeal had been filed before the entry of the judgment of conviction and sentence; and appellant there contended that she had been denied a determination of her appeal on the merits by a purely technical error on the part of her lawyer.

A person convicted of a crime in a trial court in this state is not entitled to have his conviction reviewed as a matter of right by an appellate court. He must pursue applicable statutory requirements. A convicted party can, by his own conduct or by his conduct in concert with that of his attorney, forfeit his appeal. If a convicted party by his own conduct, or by his conduct in concert with that of his attorney, purposefully delays the appeal of his conviction to his own advantage, he forfeits appeal and review of his conviction on the merits by an appellate court.

The present case has nothing at all to do with the issue of ineffective assistance of counsel. There is no claim here of substantive ineffectiveness or technical ineffectiveness on the part of appellant's counsel.

This record shows that the appellant was convicted and sentenced in November, 1972. His sentence was probated, and he has not been incarcerated. His motion for a new trial was overruled on November 9, 1973. He filed a notice of appeal. On June 17, 1974, the district attorney moved in the trial court to dismiss the appeal for failure to

pay costs to the clerk in the amount of $187.75. On July 23, 1974, the trial judge sustained the motion to dismiss the appeal. And appellant has appealed from that judgment which held, as we read it, that he had forfeited his appeal.

No pauper's affidavit was filed even after the district attorney's motion to dismiss the appeal was filed and set for a hearing. As we read the trial judge's findings in rendering his judgment of dismissal, he ruled that the appellant by his conduct alone, or by his conduct in concert with the conduct of his attorney, had purposefully delayed the appeal of the 1972 conviction.

We repeat, no issue of substantive or technical ineffective assistance of counsel was raised before the trial judge or before the Court of Appeals. Therefore, ineffective assistance that prohibited review on the merits by an appellate court of a criminal conviction is not an issue in this case.

We think that trial judges must be allowed to determine, as a matter of fact, whether a convicted person's conduct, or a convicted person's conduct in concert with the conduct of his attorney, has purposefully delayed review by an appellate court. And if there is evidence to sustain such a factual determination by a trial judge, such determination will not be reversed on review in the appellate court.

We conclude that the trial judge's dismissal of the appeal in the trial court was proper in this case, and that the Court of Appeals has misinterpreted and misapplied this court's decisions in *Cunningham* and *McAuliffe, supra.*

*Judgment reversed. All the Justices concur.*

SUBMITTED AUGUST 8, 1975 — DECIDED FEBRUARY 11, 1976.

*William H. Ison, District Attorney, Clarence L. Leathers, Jr., Assistant District Attorney,* for appellant.
*Paul Weiner,* for appellee.