## 50403. DENSON v. THE STATE.

EVANS, Judge.

This court reversed the lower court, and we held that it was improper to dismiss the appeal. The lower court had dismissed the appeal because of "inexcusable delay in transmitting the record to the appellate court." See *Denson v. State,* 134 Ga. App. 876, 877 (216 SE2d 606).

In our judgment of reversal we followed two recent decisions by the Supreme Court of Georgia, to wit: *McAuliffe v. Rutledge,* 231 Ga. 1 (200 SE2d 100); and *Cunningham v. State,* 232 Ga. 416 (207 SE2d 48). In those two cases the Supreme Court held that the appellate court must in order to avoid denial of due process and equal protection nevertheless consider the appeal *though there was inexcusable delay in transmitting the record to this court.*

We felt safe and secure in following two full-bench cases of such recent vintage of the Supreme Court. But we were due for a rude awakening! The Supreme Court has now reversed the Court of Appeals in the present case, and they have attempted an explanation (?) of their earlier cases by saying that the two earlier cases "amounted to ineffective assistance of counsel that prohibited appellant from having his appeal determined on the merits." They say this was mere "technical error."

We hope the lawyers of Georgia can understand the difference in those two cases, to wit, *McAuliffe* and *Cunningham,* supra, and the present case, to wit, *Denson v. State,* 134 Ga. App. 876, supra, although we do not see and can not understand that there is any difference.

But we are caught in a bind that requires us to follow the Supreme Court, and down whatever rough and rugged path they may lead us.

We are as were Alfred Lord Tennyson's noble six hundred:

Ours not to reason why,
Ours but to do and die,
Even tho' as soldiers know
Someone has blundered.

Boldly we ride and well,
Into the jaws of Death,
Into the mouth of Hell!
Noble six hundred!

The judgment of the Supreme Court is made the judgment of this court.

*Judgment affirmed. Deen, P. J., and Stolz, J., concur in the judgment only.*

SUBMITTED FEBRUARY 26, 1976 — DECIDED MARCH 19, 1976.

*Weiner & Bazemore, Paul S. Weiner,* for appellant.
*William H. Ison, District Attorney, Clarence L. Leathers, Jr., Assistant District Attorney,* for appellee.