## 33631. HESTER v. THE STATE.

BOWLES, Justice.

The appellant, Gloria Spradley Hester, was tried and convicted by a Lincoln County jury of murder in the drowning death of her three-year old stepson, Glen B. Hester, III. She was sentenced to life imprisonment and brings this appeal. The state has moved to dismiss the appeal as being untimely filed.

The following facts are relevant to a disposition of the state's motion: Appellant was convicted on April 29, 1977, and filed a timely motion for new trial on May 14, 1977. On May 31, 1977, the appellant filed a motion to dismiss her motion for new trial, and stated as grounds in support thereof the following:

"1. The defendant attaches hereto a statement signed by her and her mother and father setting forth some of the reasons why this application is being filed. Said statement is a signed statement and it is marked, 'Exhibit A.'

"2. The defendant is of the opinion that she does not have any reasonably fair opportunity to secure a new trial in this case and that she feels she would be doing her parents an injustice to require or request them to pay attorneys' fees and court costs for such appeal.

"3. She has communicated this to her attorneys and her attorneys have stated to her that they would represent her in the Court of Appeals of Georgia without any charge if she so desired and if she wished to save her parents from the expenses mentioned in the above paragraph.

"4. However, regardless of the offer of her attorneys to represent her free and without charge, she still wishes to dismiss the motion for new trial and to begin serving her sentence."

In Exhibit A, attached to the motion to dismiss the motion for new trial, the appellant stated that she: "Acknowledges that she is now, and at all times prior and throughout the trial of the case, satisfied with her attorneys and acknowledges that she had been advised of all her rights throughout the trial of said case, and that at all times has been aware of all her rights of appeal does now elect to dismiss said appeal and begin serving her life sentence as pronounced by the Superior Court of Lincoln County, Georgia."

On June 13, 1977, the trial court held an evidentiary hearing on appellant's motion to dismiss the motion for new trial. The appellant was present at that hearing and accompanied by her two trial attorneys. The appellant testified that she was satisfied with the representation she had received, that her attorneys had fully advised her of her appellate rights, and that it was her desire to withdraw the motion for new trial in order that she be able to begin serving her sentence. Appellant's trial attorneys testified that they had offered to pursue appellant's case on appeal on a voluntary basis if she so desired, but that she had declined such offer.

On June 14, 1977, appellant's motion to dismiss the

motion for new trial was granted. Appellant's notice of appeal in this case was not filed until September 22, 1977, one hundred days following the trial court's final order dismissing the motion for new trial. On October 31, 1977, the appellant filed a "motion for extension of time for filing" which alleged that because of the lengthy transcript in the case an additional 60 days was needed for its preparation. Appellant's motion was granted. Similar motions were filed on December 23, 1977, January 21, 1978, February 20, 1978, and March 28, 1978, and were similarly granted by the trial court.

Although several extensions of time had been granted by the trial court *after* the filing of appellant's September 22, 1977 notice of appeal, in order for a transcript of the case to be prepared, no extension of time was sought by appellant or granted by the court for the filing of a notice of appeal from the court's final order of June 14, 1977.

"The proper and timely filing of the notice of appeal is an *absolute requirement* to confer jurisdiction upon the appellate court." *Jordan v. Caldwell,* 229 Ga. 343 (191 SE2d 530) (1972). (Emphasis supplied.) Under Georgia law, "A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of . . . but when a motion for new trial, . . . has been filed, the notice shall be filed within 30 days after the entry of the order granting, overruling or *otherwise finally disposing of the motion.*" (Emphasis supplied.) Code Ann. § 6-803. Under Code Ann. § 6-804, the trial court may grant an extension of time for filing of a notice of appeal, however, "only one extension of time shall be granted for the filing of notice of appeal . . . and the extension shall not exceed the time otherwise allowed by these rules for the filing of the notices initially."

In the instant case, appellant's motion for new trial was dismissed June 14, 1977, and a notice of appeal filed *100 days* later, on September 22, 1977. No extension of time for the filing of a notice of appeal was granted the appellant. Accordingly, we find appellant's notice of appeal to have been untimely filed and, therefore, dismiss this appeal. Code Ann. § 6-809 (b)(1). *Curry v. Hopper,* 234 Ga. 642 (217 SE2d 155) (1975); *Thibadeau v. Henley,* 233

Ga. 884 (213 SE2d 657) (1975); *Blanton v. Jones,* 230 Ga. 866 (199 SE2d 801) (1973); *Pittman v. State,* 229 Ga. 656 (193 SE2d 820) (1972).

*Appeal dismissed. All the Justices concur.*

ARGUED JUNE 13, 1978 — DECIDED SEPTEMBER 6, 1978 — REHEARING DENIED SEPTEMBER 26, 1978.

*Murray M. Silver,* for appellant.

*Kenneth E. Goolsby, District Attorney, Arthur K. Bolton, Attorney General, William B. Hill, Jr., Staff Assistant Attorney General,* for appellee.