## 57045. AULT v. THE STATE.

BELL, Chief Judge.
Defendant was convicted of two counts of violating the Georgia Controlled Substances Act by selling quantities of amphetamine and chloral hydrate. *Held:*

1. A preliminary hearing is not a required step in a criminal prosecution. Moreover, once an indictment by grand jury is obtained, the failure to hold a commitment hearing is not cause for reversal. *Butts v. State,* 141 Ga. App. 634 (234 SE2d 176).

2. Defendant concedes in his brief that the district attorney produced certain documents, pursuant to defendant's motion. Defendant now alleges that the court

erred in denying defendant's motion to produce evidence in the state's file specifically concerning an alleged "quota system" of arrests and grant funding. However, defendant has failed to indicate the materiality and favorable nature of the evidence sought which he must do in order to prevail on this point. *Stevens v. State,* 242 Ga. 34 (247 SE2d 838).

3. There was no error in allowing a state witness to testify when his name was not on the list of witnesses supplied by the state. The witness' name appeared on the indictment and there was no objection made to his testifying at trial. *Garvin v. State,* 144 Ga. App. 396 (240 SE2d 925).

4. Defendant objected to the testimony of the state's expert witness concerning the physiological effect of ingestion of certain drugs because on direct examination the witness was qualified only as an expert in qualitative drug analysis. However, defense counsel, on cross examination, elicited testimony indicating that the witness was qualified to testify as to the result of the ingestion of certain drugs. In any event even if it was error to admit it, it was harmless as it was improbable that this testimony contributed to the guilty verdict. *Johnson v. State,* 238 Ga. 59 (230 SE2d 869).

5. Contrary to defendant's assertions, a proper chain of custody was shown for the admission of the seized drugs. Both the arresting officer and the witness from the State Crime Laboratory testified that the items had remained in their respective continuous care, custody and control. It was proper to admit the evidence. *Toole v. State,* 146 Ga. App. 305 (246 SE2d 338).

6. There was no error in allowing certain hearsay testimony of a state's witness explaining how he first learned the actual name of the person who had sold him the drugs. Code § 38-302. In addition, the court stated in the presence of the jury that the evidence was to be considered solely for the purpose of explaining conduct.

7. The state showed ample independent opportunity for the witness to have observed defendant prior to trial; therefore, under the totality of the circumstances, the in-court identification was properly allowed. *Sherwin v. State,* 234 Ga. 592 (216 SE2d 810).

8. The burden of proof negativing the state's allegation that defendant was not authorized under any provision of the Georgia Controlled Substances Act to sell certain substances is on the defendant. Code Ann. § 79A-1105. The constitutionality of this statute has been upheld, and it was not repealed by Code § 26-501. *Woods v. State,* 233 Ga. 347 (211 SE2d 300).

9. The enumeration concerning a portion of the court's charge on reasonable doubt has no merit.

10. A record of one prior felony conviction was offered in evidence and considered by the court in imposing sentence. The copy of this prior conviction in the record of this case is incomplete as it fails to show that defendant was represented by counsel at his prior trial. This prior conviction was reviewed by us. See *Manis v. State,* 135 Ga. App. 71 (217 SE2d 396). The record on file in this court of which we take judicial notice clearly reveals that defendant and his co-defendant were represented by counsel at trial and on appeal. Consequently, it was not error for the trial court to consider this prior conviction in this case. See *Mitchell v. State,* 136 Ga. App. 390 (221 SE2d 465).

*Judgment affirmed. Webb and Banke, JJ., concur.*

ARGUED JANUARY 3, 1979 — DECIDED JANUARY 11, 1979 —
REHEARING DENIED JANUARY 25, 1979 —

*Steve K. Fain,* for appellant.
*Charles A. Pannell, Jr., District Attorney, James E. Bethel, Assistant District Attorney,* for appellee.