### 60943. MITCHELL v. THE STATE.

BIRDSONG, Judge.

Ronnie C. Mitchell was convicted of kidnapping with bodily injury, rape and auto theft. He was sentenced to serve two life sentences and seven years, respectively, all concurrently. He brings this appeal enumerating two asserted errors. *Held:*

1. Initially we note that the trial court denied a motion for new trial on May 21, 1980, which was based on the general grounds as well

as on an asserted erroneous omission to charge. The notice of appeal, denominated "out of time" was not filed until August 11, 1980, a matter of more than 50 days. Nevertheless, the trial court forwarded the proceedings to this court in compliance with the notice of appeal. The state has called our attention to the delay but has not moved for dismissal of the appeal.

In every matter coming to this court we are required to examine the record to make certain that we possess jurisdiction. *Stephenson v. Futch,* 213 Ga. 247, 248 (98 SE2d 374); *Lowe v. Payne,* 130 Ga. App. 337 (203 SE2d 309). A notice of appeal must be filed within 30 days after entry of appealable judgment or final action on a motion for new trial. Code Ann. § 6-804. *Neal v. State,* 232 Ga. 96 (205 SE2d 284). The record in this case discloses that the time for such filing was not extended by the trial court. The timely filing of a notice of appeal in accordance with the statutory requirement is essential to confer jurisdiction upon an appellate court. *Jordan v. Caldwell,* 229 Ga. 343, 344 (191 SE2d 530); *Pittman v. State,* 229 Ga. 656, 657 (193 SE2d 820). A person convicted of crime in a trial court in this state is not entitled to have his conviction reviewed as a matter of right by an appellate court. He must pursue applicable statutory requirements. *State v. Denson,* 236 Ga. 239, 240 (223 SE2d 640). Though we recognize that this court, for proper reasons, will entertain an out of time appeal, we can find no basis in this record to support that principle. It would appear therefore that the appeal is subject to dismissal for lack of jurisdiction. *Smith v. State,* 140 Ga. App. 492 (231 SE2d 493). Nevertheless, without benefit of court order, the trial court entertained the late notice of appeal and forwarded the record of the proceedings to this court. In the interest of judicial economy, we will consider the appellant's enumerations of error.

2. In his first enumeration, appellant asserts the general grounds. There is no dispute as to the commission of the charged crimes. The only real issue before the court was the credibility of the witnesses establishing the identity of the malefactor. If the state's evidence is believed, there is no question that Mitchell is the person who is guilty. On the other hand, Mitchell's version of the facts would require an acquittal.

We will not speculate as to what evidence the jury chose to believe or disbelieve; on appeal this court is bound to construe the evidence with every inference and presumption being in favor of upholding the jury's verdict. *Mills v. State,* 137 Ga. App. 305, 306 (223 SE2d 498); *Wren v. State,* 57 Ga. App. 641, 644 (196 SE 146). Where the testimony of the state and that of the defendant is in conflict, the jury is the final arbiter (*Sims v. State,* 137 Ga. App. 264 (223 SE2d 468); *Crews v. State,* 133 Ga. App. 764 (213 SE2d 34)), and after the

verdict is approved by the trial judge, the evidence must be construed so as to uphold the verdict even where there are discrepancies *Boatright v. Rich's,* 121 Ga. App. 121 (173 SE2d 232). The evidence of the primary issue being in conflict, the jury's resolution of that issue against the appellant will be affirmed where the evidence adequately supports the jury's conviction, which it does in this case. *Griffin v. State,* 237 Ga. 532 (228 SE2d 908). Viewed from the standpoint of the state's evidence, any rational trier of fact reasonably would have found all the essential elements of each of the crimes charged beyond reasonable doubt. *Thomas v. State,* 245 Ga. 688, 690 (1) (266 SE2d 499). This enumeration is without merit.

3. In his second enumeration of error, appellant complains that the trial court erred in failing to charge that the identity of the defendant must be proved beyond reasonable doubt. The trial court was requested in writing to give such a charge and exception was taken to the failure so to charge. We are at a loss to understand why the trial court did not give the charge requested inasmuch as the charge appears to be appropriate to the issue before the jury. Perforce, because we conclude that the charge was appropriate, it was error for the trial court to refuse the charge.

However, viewed within the context of the entire charge, we also conclude that the omission was at worst harmless. The trial court fully and repeatedly charged the jury on the burden of proof as resting on the state, and repeatedly charged on the doctrine of reasonable doubt and as to each of the three crimes; the trial court in very specific language demanded of the jurors that each of them be satisfied by competent evidence beyond reasonable doubt that the defendant himself committed the kidnapping, rape and auto theft. A further charge that the identity of the defendant must be established beyond reasonable doubt could in no way have isolated or explained the issue more clearly. As the requested instruction at least minimally was covered adequately by the charge given, the court's failure to instruct the jury in the language requested, even if such request were perfect, does not constitute reversible error. *Pollard v. State,* 236 Ga. 587 (3) (224 SE2d 420); *Frazier v. State,* 150 Ga. App. 343, 344 (3) (258 SE2d 29). This enumeration also lacks merit.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JANUARY 20, 1981.

*Daniel Kane,* for appellant.

*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert III, Joseph J. Drolet, Russell J. Parker, Assistant District Attorneys,*

for appellee.