## 62511. MOBLEY v. THE STATE.

POPE, Judge.

Defendant was arrested for selling a quantity of marijuana. He was convicted in the Superior Court of Glynn County on May 20, 1976 and filed a motion for new trial. This motion was amended on February 17, 1978. After a hearing on the matter during the week of August 18, 1980 the motion was denied; the judge's order was filed with the clerk of court on September 4, 1980. Six months later on March 13, 1981 an order issued directing the arrest of defendant because no notice of appeal had been filed. The defendant moved the court to allow an out-of-time appeal on the ground that he had not been informed by his attorney of the denial of the motion for new trial and was unable to initiate his appeal in a timely fashion. Defendant's attorney had been retained merely to represent the defendant during the trial and no agreement had been reached concerning the representation on appeal. The attorney did not file a notice of appeal nor did he notify his client that a ruling on the motion had been made. The attorney indicated the reason for his failure to notify his client was because he received no notice of the ruling from the judge and did not check with the clerk to see if such order had been filed.

1. The state has moved to dismiss this out-of-time appeal. The timely filing of a notice of appeal in accordance with statutory requirements is essential to confer jurisdiction upon an appellate court. See Code Ann. § 6-803. "A person convicted of a crime in a trial court in this state is not entitled to have his conviction reviewed as a matter of right by an appellate court. He must pursue applicable statutory requirements." *State v. Denson,* 236 Ga. 239, 240 (223 SE2d 640) (1976). However, this court for proper reasons will entertain an out-of-time appeal. *Mitchell v. State,* 157 Ga. App. 181 (1) (276 SE2d 864) (1981).

"The right to appeal an adverse judgment is indeed a hollow one if the one to whom the right accrues is not informed of its existence." *Kreps v. Gray,* 234 Ga. 745, 747 (218 SE2d 1) (1975). A failure to advise a defendant of his right to appeal will require the grant of an out-of-time appeal. *Id.* Counsel in the present case did not inform the

defendant that the period during which a notice of appeal must be filed had begun to run after the denial of his motion for new trial. The defendant was deprived of his right to appeal by such omission. Therefore, the ruling of the trial court allowing an out-of-time appeal was proper.

2. The defendant enumerates as error the trial court's charge on intent. The trial judge charged in pertinent part that criminal intent *"may be presumed when it is the natural and necessary consequences of the act."* (Emphasis supplied.) The charge given by the trial court in this case, of which the above-quoted language is a part, was approved as not being impermissibly burden-shifting by the Supreme Court of Georgia in *Griffin v. State,* 230 Ga. 449 (3) (197 SE2d 723) (1973). See also *Wilson v. State,* 233 Ga. 479 (5) (211 SE2d 757) (1975). "Arguments that this charge is burden shifting under the holding in Sandstrom [v. Montana, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979)] are without merit." *Rakestraw v. State,* 155 Ga. App. 563, 566 (271 SE2d 696) (1980).[1]

" . . . [T]he jury was charged that the burden of proof was on the state to prove each essential element of the crime beyond a reasonable doubt, that intent was an essential element which the state must prove beyond a reasonable doubt, and that intent was a question for the jury to be found by them from the evidence." *Lackey v. State,* 246 Ga. 331, 339 (271 SE2d 478) (1980). The court specifically charged, "A person will not be presumed to act with criminal intention, but the jury may find such intention upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted." Viewing the charge as a whole, we conclude that the trial court's charge as to intent created a permissive presumption, which is not inherently unconstitutional. *Jones v. State,* 159 Ga. App. 845 (6) (285 SE2d 584) (1981).

3. Defendant contends that the trial court erred in charging that "the burden is on the defendant to show his authority to sell marijuana as provided by law, and there is no contention in this case that there was any authority to sell marijuana as provided by law." Concerning this issue which was first raised on appeal, the defendant argues that such charge places an impermissible burden of proof upon him. There is no merit in this contention. *Woods v. State,* 233 Ga. 347 (1) (211 SE2d 300) (1974); *Ault v. State,* 148 Ga. App. 761 (8)

---

[1] Nevertheless, we note that this particular language charged is no longer suggested for use in the pattern jury instructions promulgated by the Council of Superior Court Judges.

(252 SE2d 668) (1979).

4. Defendant enumerates as error the judge's thanking the jury for its service prior to his determination that the verdict was not unanimous and allowing the jury to deliberate further. Upon the return of the original verdict the court stated, "Let the verdict be received and recorded by the clerk. The chief deputy clerk of court will give you your checks, ladies and gentlemen. And that will be the last case for the term as far as you're concerned. We will have another jury coming in Monday morning and you'll be discharged for the term *with the thanks of the Court for your service.* As soon as the clerk gives you your scrip, you may go." (Emphasis supplied.)

The defendant's attorney at that point requested a poll of the jury. Upon questioning, the foreman of the jury indicated that the verdict announced was not his verdict. After proper instructions the jury was sent back to deliberate once more. The jury returned and this time the verdict was unanimous.

The judge's comment did not show the court's approval or disapproval of the verdict as prohibited by Code Ann. § 110-201. Further, the court's thanking the jury for their service did not prejudice the verdict under the provisions of Code Ann. § 110-203. The foreman, who was the only juror indicating that the verdict announced was not his verdict, explained, "One of the jurors on the way out, we, she made the remark that, had something to say about that I had misinterpreted that we all hadn't come to a conclusion. And I felt we had to go back and see what she really had on her mind." No objection was made at trial to the judge's action. Further, the statement by the foreman coupled with the ample evidence supporting the verdict of guilty convinces us that if the action of the court was error, such error was harmless and did not have an effect upon the outcome of the trial.

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

Decided March 2, 1982 —
Rehearing denied April 2, 1982 — ▮▮▮▮▮▮▮▮▮

*Randall M. Clark,* for appellant.
*Glenn Thomas, District Attorney, John Johnson III, Assistant District Attorney,* for appellee.