## 71407. BOOTHE v. THE STATE.
(342 SE2d 9)

SOGNIER, Judge.

Appellant was convicted on October 29, 1982 of criminal trespass and obstruction of an officer. On November 19, 1982 appellant filed a notice of appeal and a motion for a new trial. On May 16, 1983 the motion for new trial was denied, and appellant did not file a notice of appeal from that decision.

The State has filed a motion to dismiss the appeal on the ground that appellant's notice of appeal filed on November 19, 1982 was premature, and since the procedure for filing a notice of appeal was not followed after denial of appellant's motion for new trial, this court has no jurisdiction to consider the appeal. We agree.

OCGA § 5-6-38 (a) provides, in pertinent part: "A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of; but when a motion for new trial . . . has been filed, the notice shall be filed within 30 days after the entry of the order . . . overruling, or otherwise finally disposing of the motion. . . ." In *Graves v. State*, 116 Ga. App. 19 (156 SE2d 205) (1967), this court held: "The notice of appeal having been filed while motion for new trial was pending the appeal was prematurely made and must be dismissed . . ."

In a case factually identical to the instant case where the notice of appeal and motion for new trial were filed the same day, we dismissed the appeal on the ground that it was premature and of no validity as it was filed while a motion for new trial was pending. *Strauss v. Peachtree Assoc.*, 156 Ga. App. 536-537 (275 SE2d 90) (1980). The statute makes it mandatory that the notice of appeal under these circumstances must be filed within 30 days after the entry of the order disposing of the motion for a new trial. Id. at 537. The proper and timely filing of the notice of appeal is an *absolute requirement* to confer jurisdiction upon the appellate court. *Hester v.*

*State*, 242 Ga. 173, 175 (249 SE2d 547) (1978). However, out of an abundance of caution emanating from the decision of the United States Supreme Court in *Evitts v. Lucey*, 469 U. S. ___ (105 SC 830, 83 LE2d 821), we have examined the entire transcript and find no reversible error. Accordingly, the State's motion is granted and the appeal is dismissed.

*Appeal dismissed. Birdsong, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 24, 1986.

Jay B. Miller, Jr., for appellant.
Patrick H. Head, Solicitor, Melodie H. Clayton, Assistant Solicitor, for appellee.