## 72514. KNOX v. THE STATE.
(349 SE2d 753)

BEASLEY, Judge.

A jury found Knox guilty of violation of the Georgia Firearms and Weapons Act (OCGA § 16-11-120) and possession of firearms by a convicted felon (OCGA § 16-11-131). His sentence, imposed June 27, was filed June 28, 1985. On September 4, he filed an out-of-time motion for new trial, which the trial court considered and overruled on November 15. Knox filed a notice of appeal on December 13 from the judgments of convictions and sentences.

A notice of appeal must be filed within 30 days "after entry of the appealable decision or judgment complained of" except "when a

motion for new trial, a motion in arrest of judgment, or a motion for judgment notwithstanding the verdict has been filed." Then the notice of appeal must "be filed within 30 days after the entry of the order granting, overruling, or otherwise finally disposing of the motion." OCGA § 5-6-38 (a). "The proper and timely filing of the notice of appeal is an *absolute requirement* to confer jurisdiction upon the appellate court. *Hester v. State*, 242 Ga. 173, 175 (249 SE2d 547) (1978)." *Boothe v. State*, 178 Ga. App. 22 (342 SE2d 9) (1986).

Because defendant's motion for new trial was not timely made, it had to be considered an extraordinary motion for new trial. OCGA § 5-5-41; *Dyal v. State*, 121 Ga. App. 50 (1) (172 SE2d 326) (1970). As such it would not have extended the time for filing a notice of appeal from the convictions and sentences; therefore, we do not have jurisdiction to entertain the merits of the instant appeal.

Knox is not asserting any error of counsel in perfecting this appeal which might mandate this court to examine the merits under the authority of *Evitts v. Lucey*, 469 U. S. 387 (105 SC 830, 83 LE2d 821) (1985). By the defendant's failure to follow the required procedure, he has forfeited this review of his convictions on the merits. See *State v. Denson*, 236 Ga. 239, 240 (223 SE2d 640) (1976); *Brown v. State*, 179 Ga. App. 182 (345 SE2d 901) (1986).

*Appeal dismissed. Benham, J., concurs. Deen, P. J., concurs in the judgment only.*

DECIDED SEPTEMBER 3, 1986 —
REHEARING DENIED OCTOBER 16, 1986

*L. James Weil, Jr., Sheila Tyler*, for appellant.
*Lewis R. Slaton*, District Attorney, *Joseph J. Drolet, Harvey Moskowitz, Richard E. Hicks*, Assistant District Attorneys, for appellee.