## 72774. KINDLE v. THE STATE.
### (351 SE2d 461)

BEASLEY, Judge.

On January 23, 1986, a jury found Kindle guilty of abandonment of his illegitimate minor child (OCGA § 19-10-1), and he was sentenced on the same day. The following day, Kindle filed a notice of appeal from the conviction and sentence. On February 25, he filed a motion for new trial alleging the general grounds, and it was denied on March 3. No notice of appeal was filed from the order denying the motion for new trial.

1. The state has petitioned this court to dismiss the appeal on the bases that the notice of appeal filed on January 24, 1986, was premature and that appellant failed to file a required notice of appeal after denial of his motion for new trial, thus rendering this court without jurisdiction to consider the appeal.

A notice of appeal must be filed within 30 days "after entry of the appealable decision or judgment complained of" except "when a motion for new trial, a motion in arrest of judgment, or a motion for judgment notwithstanding the verdict has been filed" then the notice of appeal must "be filed within 30 days after the entry of the order granting, overruling, or otherwise finally disposing of the motion." OCGA § 5-6-38 (a). It is true that "the proper and timely filing of the notice of appeal is an *absolute requirement* to confer jurisdiction upon the appellate court. *Hester v. State*, 242 Ga. 173, 175 (249 SE2d 547) (1978)." *Boothe v. State*, 178 Ga. App. 22 (342 SE2d 9) (1986). However, here we are not dealing with a premature notice of appeal and the failure to file a requisite notice of appeal after denial of the motion for new trial, as the state maintains, because the new trial motion was not timely made. Therefore it had to be considered an extraordinary motion for new trial. OCGA § 5-5-41; *Dyal v. State*, 121 Ga. App. 50 (1) (172 SE2d 326) (1970). As such it did not extend the time for filing the notice of appeal from the conviction and sentence, *Knox v. State*, 180 Ga. App. 564 (349 SE2d 753) (1986), so as to mandate another notice of appeal subsequent to a ruling on the motion. Had the motion for new trial been timely, then the jurisdictional situ-

ation would have been different. See, *Boothe v. State*, supra; *Rich v. Ga. Farm &c. Ins. Co.*, 176 Ga. App. 663 (1) (337 SE2d 370) (1985); *Atkinson v. State*, 170 Ga. App. 260, 261 (1) (316 SE2d 592) (1984); *Housing Auth. v. Geter*, 252 Ga. 196 (312 SE2d 309) (1984).

We have jurisdiction.

2. Appellant alleges that the trial court's pre-evidentiary charges "were incomplete and delivered in a manner which incorrectly inferred to the jury that such charges were frivolous and unimportant, and reflected an opinion of the trial judge as to the guilt of the Appellant," thereby "making a fair and impartial trial an impossibility."

Kindle complains about the italicized portion of the court's preliminary statements to the jury: "I need to give you a preliminary charge before we get started. You have been impaneled to try the case of the state of Georgia versus Lewis Kindle, the third. Some of you may have not been jurors before, so before we begin the case I would like to make a few comments which I believe will assist you in better understanding your duties in the trial of this case. How many of you all have served on a jury before; two? All right. *So if this is redundant. Just go to sleep or something. I don't know.* Let's see." Defendant lodged no objection.

"This is a court for review of errors committed by the trial court where proper objection is made, and counsel may not abandon these issues in the trial court and raise them for the first time in his brief on appeal. [Cit.]" *Scott v. State*, 172 Ga. App. 725, 727 (3) (324 SE2d 565) (1984). Moreover, even if we were to consider the court's statements as part of the charge to the jury, this would not assist appellant's position, for following the final charge to the jury, the court inquired if there were any objections to the charge and defendant made no specific objections nor did he reserve the right to make such objection later, therefore, even cast in this light there is waiver. *Scott v. State*, 250 Ga. 195, 197 (1) (c) (297 SE2d 18) (1982).

Under the umbrella of this enumeration, appellant further argues that the court failed to complete the instructions by not admonishing the jury to report any attempts to influence any of them and not to read, listen or to review any news reports about the case. Failure to raise this issue in the trial court precludes review. *Scott v. State*, supra. Furthermore, even if such instructions were called for, no harm was done since there is no evidence of any attempt at jury influencing or tampering or exposure to prejudicial media coverage.

3. Appellant maintains that the trial court violated the rule of sequestration by permitting the prosecutrix to remain in the courtroom.

To begin with, the state invoked the rule; the defendant made no request for sequestration. "In all cases *either party* shall have the right to have the witnesses of the *other party* examined out of the

hearing of each other." (Emphasis supplied.) OCGA § 24-9-61.

Moreover, when the state informed the court that it required the prosecutrix to be in the courtroom, the defendant did not voice even the slightest objection. Once again "matters not objected to at trial cannot be raised for the first time on appeal. [Cit.]" *Brown v. State*, 161 Ga. App. 55, 57 (3) (289 SE2d 9) (1982).

Even if the defendant had requested the rule, the court may permit the prosecutor to remain in the courtroom and may use discretion to grant an exception with respect to any witness needed to assist the prosecuting attorney in the orderly presentation of the case. *McCranie v. State*, 151 Ga. App. 871, 875 (5) (261 SE2d 779) (1979).

4. Kindle maintains that the court failed to charge OCGA § 19-10-1 (f) (1), failed to clearly charge OCGA § 19-10-1 (i), failed to charge the essential elements of the offense of abandonment, and left the jury to pick and choose between incorrect and correct principles.

In response to the court's inquiry regarding objections or reservation of objection to the charge, defendant stated: "Only thing, judge, I think it might have been a little confusing to them. I believe you might have corrected that."

a) Kindle not having objected or reserved objection to the court's not charging the provisions of OCGA § 19-10-1 (f) (1) any present objection in this regard has been waived. See *Scott v. State*, supra at 197-198 (1) (c). This is not such a situation where we would have to consider appellant's claim regardless of whether objection was made or not because of a substantial error harmful as a matter of law. OCGA § 5-5-24 (c); *Maynard v. State*, 171 Ga. App. 605, 606 (2) (320 SE2d 806) (1984). Moreover, defendant made no written request to charge the subsection, and, in fact, the evidence would not have warranted such a charge, for rather than the subject tests indicating that Kindle could not be the father of the child, such tests indicated that there was a 99.19 percent probability of Kindle's paternity.

b) There was also waiver of the objection and failure to make any request to charge to begin with, as to the alleged failure to clearly charge OCGA § 19-10-1 (i). We note, however, the court clearly charged the jury that if "you should [find] that the defendant is not the father of said child, or if you have a reasonable doubt as to his being the father of said child, then in that event you would acquit . . ." Inasmuch as the jury did not determine to acquit, there could be no harm to Kindle in failing to track the language which advises the jury of its further option in the event it acquits.

c) There is no merit to appellant's claim that the court failed to charge the essential elements of the offense of abandonment.

d) Appellant having established no cognizable errors in the charge, there is no merit to the claim that the jury was left to deal with incorrect principles of law.

5. Lastly, appellant claims that the trial court "erred in failing to charge as to the absence of an absolute test that proves paternity, an essential defense established by the evidence."

Once more, there is waiver here and the lack of any request to charge in this regard. Furthermore, the infallibility of the tests performed was not an issue in the case and it was quite clear that the tests were but one piece of evidence. More importantly, on direct examination, the state elicited the desired information about the certainty of the tests when it asked the expert witness whether there was a blood test that would absolutely prove whether a man was the father of a child and the witness responded that at the present there was "no test that will absolutely prove paternity." Therefore, even if properly raised on appeal, Kindle should have no complaint in this regard.

The conviction stands.

*Judgment affirmed. Deen, P. J., concurs specially. Benham, J., concurs in the judgment only.*

Deen, Presiding Judge, concurring specially.

While concurring fully with Divisions 1 and 2, I cannot agree with all that is said in Divisions 3, 4, and 5. Since, as held in the majority opinion, proper objections and requests were not made with regard to the issues advanced in the latter three divisions, in my opinion, we should go no further in proceeding to address and comment on the questions therein.

DECIDED NOVEMBER 7, 1986 —
REHEARING DENIED NOVEMBER 25, 1986.

*June D. Green, Jacquelyn Mitchell,* for appellant.
*James L. Webb, Solicitor, Norman R. Miller, Assistant Solicitor,* for appellee.