## 73907. JOHNSON v. THE STATE.

(358 SE2d 313)

Banke, Presiding Judge.

Johnson, a 16-year-old juvenile charged with armed robbery and attempted armed robbery, appeals the transfer of his prosecution from the Juvenile Court of Barrow County to the Superior Court of Barrow County. *Held:*

1. The threshold issue for our consideration concerns the timeliness of the filing of the appellant's notice of appeal. The record discloses that the juvenile court entered its order granting the state's motion to transfer the case to the superior court on May 28, 1986. Within 30 days thereafter, the appellant's counsel mailed a notice of appeal to the "Juvenile Court, Winder, Georgia." However, instead of being delivered to the clerk's office for filing, the notice was inadvertently delivered to the juvenile court probation office, where it remained until 55 days after entry of the transfer order. At that time, the error was discovered, and the notice was filed in the clerk's office. The state has raised no objection to the timeliness of the filing of the notice; however, it is not within the state's power to confer appellate jurisdiction or to waive the absence of it. See *Blackburn v. State*, 169 Ga. App. 498 (314 SE2d 244) (1984).

This court has recently reaffirmed the principle that even in a criminal case, the timely filing of a notice of appeal in compliance with OCGA §§ 5-6-38 (a) and 5-6-39 is essential to confer appellate jurisdiction. See *Rimes v. State*, 182 Ga. App. 721 (356 SE2d 897) (1987). However, it has long been recognized that an abortive attempt to appeal a criminal conviction due to a technical error on the part of the appellant's attorney may result in a denial of the appellant's constitutional right to effective assistance of counsel for which habeas corpus relief would lie. See *Evitts v. Lucey*, 469 U. S. 387 (105 SC 830, 83 LE2d 821) (1985); *Cunningham v. State*, 232 Ga. 416 (207 SE2d 48) (1974); *McAuliffe v. Rutledge*, 231 Ga. 1 (200 SE2d 100) (1973); *State v. Denson*, 236 Ga. 239, 240 (223 SE2d 640) (1976). While no issue of substantive or technical ineffective assistance of counsel has been raised by the parties, nevertheless, in the interest of judicial economy we deem it appropriate to address the merits of the appellant's enumeration of error. Accord *Mitchell v. State*, 157 Ga. App. 181 (276 SE2d 864) (1981).

2. The appellant contends that the juvenile court erred in failing to conduct the hearing on the state's transfer motion within 10 days after the filing of the delinquency petition. We disagree.

The appellant was arrested and placed in the juvenile youth detention center on May 12, 1986, and the state filed both its delinquency petition and its motion to transfer the case to superior court on May 14. The transfer motion was initially scheduled to be heard

on May 20, but the appellant objected to proceeding with the hearing at that time on the ground that he had not been properly served with the petition. Although the state attempted to perfect service on that same date, it failed in that the appellant received only the summons, without a copy of the petition. The transfer hearing was rescheduled for May 23; and, on that day, realizing that service still had not been properly effected, the district attorney asked the appellant's counsel to consent to another continuance of the hearing. Counsel refused, but the hearing was nevertheless continued again, this time to May 27. On that date, the appellant's counsel moved to dismiss the transfer motion on the ground that the hearing had not been held within 10 days of the filing of the petition.

OCGA § 15-11-26 (a) specifies that the court shall fix a date for an adjudicatory hearing on a petition alleging delinquency not later than 10 days from the date of the filing of the petition if the child is in detention. The appellant submits that this provision must be construed *in pari materia* with OCGA § 15-11-39, which provides that a transfer of the charges to another court for prosecution must be done "before hearing the petition on its merits," with the result that the transfer hearing must also be held within 10 days of the filing of the petition. However, this court has previously ruled that OCGA § 15-11-26 (a) requires merely that a hearing date be set within 10 days of the filing of the petition and not that the hearing itself be conducted within that period. See *J. B. v. State*, 171 Ga. App. 373 (2) (319 SE2d 465) (1984); *P. L. A. v. State*, 172 Ga. App. 820 (2) (324 SE2d 781) (1984). Moreover, it has been held that the 10-day rule is not absolute and that a continuance may be granted in the sound discretion of the trial court. See *P. L. A.*, supra; *Brown v. Fulton County DFACS*, 136 Ga. App. 308 (1) (220 SE2d 790) (1975). Although the two continuances in the present case may well have been occasioned by the state's lack of diligence, there has been no suggestion that any harm or prejudice resulted therefrom; and we hold that the court did not abuse its discretion in continuing the hearing date so as to ensure that the appellant received adequate notice of the contents of the petition.

*Judgment affirmed. Birdsong, C. J., McMurray, P. J., Sognier and Benham, JJ., concur. Deen, P. J., Carley, Pope, and Beasley, JJ., dissent.*

CARLEY, Judge, dissenting.

I must dissent in this case because I believe that this appeal should be dismissed and not considered on its merits. "The requirement of a timely filed notice of appeal is jurisdictional, even as to criminal cases, and, absent an extension, upon the failure to file such notice within 30 days after a judgment becomes final the appeal must

be dismissed. [Cits.]" *Rimes v. State,* 182 Ga. App. 721 (356 SE2d 897) (1987).

I am authorized to state that Presiding Judge Deen, Judge Pope and Judge Beasley join in this dissent.

DECIDED JUNE 2, 1987.

*James W. Smith,* for appellant.
*Timothy G. Madison, District Attorney, T. David Motes, Assistant District Attorney,* for appellee.