### 74270. CONWAY v. THE STATE.
(359 SE2d 438)

McMURRAY, Presiding Judge.

Defendant was convicted of the offenses of armed robbery, kidnapping and aggravated assault (with intent to rob). He appeals. *Held*:

1. In *Evitts v. Lucey*, 469 U. S. 387 (105 SC 830, 83 LE2d 821), the United States Supreme Court made it clear that a criminal defendant is entitled to effective assistance of counsel in the pursuit of his appeal rights. In so doing, the high court disapproved of the dismissal of a criminal defendant's first appeal as of right. See *DeBroux v. State*, 176 Ga. App. 81 (335 SE2d 170). Following *Evitts v. Lucey*, supra, we have endeavored to make every effort to decide criminal appeals on the merits. Id. But see *Knox v. State*, 180 Ga. App. 564 (349 SE2d 753). We think the merits should be considered in this case.

The trial judge determined that "good and sufficient reason" was shown by defendant to allow an out-of-time appeal. In the absence of any record demonstrating the absence of an appropriate showing by defendant, "we must assume the trial court's grant of the out-of-time

appeal was proper. *Smith v. State*, 160 Ga. App. 26 (285 SE2d 749) (1981)." *Moore v. State*, 176 Ga. App. 882, 883 (339 SE2d 271). Such an assumption is most appropriate where, as here, the state does not object to the out-of-time appeal.

2. Defendant complains that the trial court erroneously permitted a fingerprint expert to discuss fingerprinting techniques. He asserts the evidence was irrelevant and immaterial and that it should have been ruled out upon timely objection. We disagree. We cannot say the trial court abused its discretion by admitting the evidence. "The Georgia rule favors admission of any relevant evidence no matter how slight its probative value. Agnor's Ga. Evidence, 165, § 10-2. Further, admission of irrelevant evidence is not ground for reversal unless the defendant can show how the evidence was prejudicial to him. Defendant has shown no prejudice." *Wireman v. State*, 163 Ga. App. 439, 442 (295 SE2d 530).

3. Defendant contends the trial court erred by refusing to give his requested charge on impeachment. He also contends it was error to refuse to give a requested charge that a prior inconsistent statement is admissible as substantive evidence. See *Gibbons v. State*, 248 Ga. 858 (286 SE2d 717). These contentions are without merit. Defendant has failed to point to any impeachment in the transcript and we find none. Attempts may have been made to impeach one of the victims; but those attempts failed. The "time, place . . . and circumstances attending the former statements [were not] called to [the victim's] mind with as much certainty as possible." OCGA § 24-9-83. See also *Smith v. State*, 171 Ga. App. 758, 762 (321 SE2d 213). Moreover, with regard to the requested *Gibbons v. State*, supra, charge, we fail to see how defendant was prejudiced by the refusal of the trial court to give it. "Absent instructions to the contrary, the jury surely regarded substantively *all* the evidence presented to it." *Ford v. State*, 255 Ga. 81, 87 (335 SE2d 567).

4. The evidence presented by the prosecution was sufficient to enable any rational trier of fact to find the defendant guilty of the offenses charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Birdsong, C. J., Sognier and Benham, JJ., concur. Deen, P. J., Carley and Pope, JJ., concur specially. Banke, P. J., and Beasley, J., dissent.*

CARLEY, Judge, concurring specially.

I concur in the majority's determination that we must consider this case on the merits rather than dismiss the appeal. However, I do not agree with the majority's conclusion at the beginning of Division 1 that such consideration of the merits is mandated by *Evitts v. Lucey*, 469 U. S. 387 (105 SC 830, 83 LE2d 821) (1985). Rather, this Court

has jurisdiction because the trial court granted an out-of-time appeal.

I must opine that this Court has been less than clear and consistent in delineating when we will consider a criminal case on its merits rather than dismiss the same because of the late filing of a notice of appeal. For example, in *Rimes v. State*, 182 Ga. App. 721 (356 SE2d 897) (1987), a whole court case, the appeal was dismissed for lack of jurisdiction in view of an untimely filing of a notice of appeal. However, in *Johnson v. State*, 183 Ga. App. 168 (358 SE2d 313) (1987), another whole court case, the majority of this Court refused to dismiss an appeal for untimely filing and considered the case on its merits. However, neither *Johnson* nor *Rimes* is applicable to this case because in neither did the *trial* court grant an out-of-time appeal. Here, the trial court granted an out-of-time appeal and we must consider the merits.

I am authorized to state that Presiding Judge Deen and Judge Pope join in this special concurrence.

BEASLEY, Judge, dissenting.

I respectfully dissent because it appears that the Court does not have jurisdiction of the case.

Defendant was sentenced on February 5. Upon receipt on February 13 of a letter to the court from trial counsel, the court appointed the Fulton County Public Defender's Office to represent defendant "in any and all appeals from this date forward."

A motion for new trial was filed March 3 by new counsel, and defendant pro se filed an amendment July 23. In the meantime, sentence review was undertaken at the request of defendant, who filed the application on February 18.

The trial transcript was filed August 22, and the motion for new trial was denied on September 18. No extension of time for filing a notice of appeal was sought, as is provided for in OCGA § 5-6-39 (a) (1), (c), and (d).

A document titled "Out-of-Time Notice of Appeal," signed by appellate counsel, was filed December 9, and on the same day the court ordered it permitted. No reason was given for the out-of-time filing or for the granting of the same, nor was any motion made in this connection. The time requirements of OCGA § 5-6-38 (a) were not followed here.

" 'A person convicted of a crime in a trial court in this state is not entitled to have his conviction reviewed as a matter of right by an appellate court.' " *Mobley v. State*, 162 Ga. App. 23 (1) (288 SE2d 702) (1982). Neither is there a federal constitutional right to appeal. *McKane v. Durston*, 153 U. S. 684 (14 SC 913, 38 LE 867) (1894), reiterated in *Evitts v. Lucey*, 469 U. S. 387 (105 SC 830, 83 LE2d 821) (1985).

The Georgia Constitution states: "Review of all cases shall be as provided by law." Ga. Const. 1983, Art. VI, Sec. VI, Par. III. See also Ga. Const. 1983, Art. VI, Sec. V, Par. III. It is elementary that "[t]he proper and timely filing of the notice of appeal is an *absolute requirement* to confer jurisdiction upon the appellate court. [Cit.]" *Boothe v. State*, 178 Ga. App. 22 (342 SE2d 9) (1986). The principle is firmly fixed. *Jordan v. Caldwell*, 229 Ga. 343, 344 (191 SE2d 530) (1972); *Pittman v. State*, 229 Ga. 656, 657 (193 SE2d 820) (1972). The criminal defendant " 'must pursue applicable statutory requirements.' [Cit.]" *Mobley*, supra. Otherwise the appeal is to be dismissed. *Smith v. State*, 140 Ga. App. 492 (231 SE2d 493) (1976).

It is true that this Court will, for proper reasons, entertain an out-of-time appeal, such as where the record shows that counsel did not inform defendant of the right to appeal, *Kreps v. Gray*, 234 Ga. 745, 747 (218 SE2d 1) (1975), or of the period during which a notice of appeal must be filed, *Mobley*, supra. There is nothing in the record which even hints at any reason for the delay, not even a skeletal statement of the trial court such as prompted us to take jurisdiction in *Moore v. State*, 176 Ga. App. 882, 883 (339 SE2d 271) (1985).

Allowing "out-of-time" appeals as a matter of course, without any reason being assigned to justify departure from the jurisdictional rules of appellate practice mandated by the legislature, not only ignores those rules, it also violates the rights of the opposite party to orderly and prompt final disposition of the case. Insofar as criminal cases are concerned, the public as well as a convicted defendant has an interest in timely final resolution. The public is entitled to "swift and sure punishment," where appropriate. The concept of expedition is now contained in the state constitution, which requires uniform court rules and record-keeping rules "which shall provide for the speedy, efficient, and inexpensive resolution of disputes and prosecutions." Ga. Const. 1983, Art. VI, Sec. IX, Par. I.

Conway is not asserting any error of counsel in perfecting this appeal which might mandate this court to examine the merits under the authority of *Evitts v. Lucey*, supra. See *Knox v. State*, 180 Ga. App. 564 (349 SE2d 753) (1986).

Considering the law and these circumstances, the appeal should be dismissed.

DECIDED JULY 7, 1987.

*Drew Dubrin*, for appellant.
*Lewis R. Slaton, District Attorney, Richard E. Hicks, Assistant*

*District Attorney*, for appellee.