## A95A1808. STATON v. THE STATE.
(464 SE2d 888)

Ruffin, Judge.

David Charles Staton was convicted of violating the Georgia Controlled Substances Act and sentenced on December 7, 1994. On December 20, 1994, Staton filed a motion for new trial, and a hearing was held on March 16, 1995, at which time the trial court orally denied Staton's motion. Staton filed a notice of appeal on March 30, 1995; however, the trial court did not enter a written order denying the motion for new trial until April 3, 1995. Thereafter on April 21, 1995, Staton filed a pleading entitled "Notice of Filing" in which he asked this court to take notice of the March 30, 1995 filing of the notice of appeal. For reasons which follow, this appeal is dismissed.

"It is the duty of this court to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction. The proper and timely filing of the notice of appeal is an *absolute requirement* to confer jurisdiction upon the appellate court. OCGA § 5-6-38 (a) requires that a notice of appeal be filed within 30 days after entry of the judgment complained of, or within 30 days after the entry of the order finally disposing of a motion for new trial." (Citations and punctuation omitted.) *Rowland v. State,* 264 Ga. 872 (1) (452 SE2d 756) (1995). In the instant case, the notice of appeal was premature because appellate counsel filed it four days before the trial court entered its written order denying Staton's motion for new trial. See *Boothe v. State,* 178 Ga. App. 22 (342 SE2d 9) (1986). Staton's April 21, 1995 pleading failed to cure the defect because he did not withdraw the premature notice of appeal nor did the pleading minimally suffice as a timely notice of appeal inasmuch as it contained no reference to the April 3, 1995 judgment from which the appeal was filed. See OCGA § 5-6-37.

Since our decision in *Eller v. State,* 183 Ga. App. 724 (360 SE2d 53) (1987), we have ceased dismissing appeals for prematurely filed notices of appeal in criminal cases and have deemed effective prema-

turely filed notices of appeal upon entry of a final judgment. See *Shirley v. State*, 188 Ga. App. 357 (373 SE2d 257) (1988). In *Rowland*, supra, however, the Georgia Supreme Court recognized that our attempts to provide sua sponte appellate review of represented criminal defendants' procedurally deficient appeals "while laudable, do a disservice to the courts, the criminal defendant, and appellate counsel." *Rowland*, supra at 874. The court explained that "[t]he practice requires the appellate court to ignore jurisdictional and procedural statutes and rules, and to change its role from disinterested decision-maker to appellate advocate reviewing a trial record for error." Id. The court held that "dismissal of the appeal is the appropriate and constitutionally permissible course of action when a represented criminal defendant's appeal has procedural deficiencies that deprive the defendant of the right of appellate review of the judgment of conviction." Id. at 875.

Although *Rowland* involved the untimely filing of a notice of appeal on behalf of a criminal defendant represented by appellate counsel, we find it controlling here because a properly filed notice of appeal is essential to invoke this court's jurisdiction and by specifically referencing *Boothe*, supra, the court recognized the prematurely filed notice of appeal as a procedural deficiency which frustrates a criminal defendant's right to appeal for which the remedy of dismissal is appropriate. See *Rowland* at 873. Furthermore, we appreciate the court's desire to treat these procedurally deficient appeals in a uniform fashion. Accordingly, this appeal should be dismissed.

A copy of this opinion shall be sent to Staton and to appellate counsel with direction that he send a copy to Staton. Please be advised that your appeal has been DISMISSED because your attorney filed your notice of appeal before the entry of final judgment. If you no longer wish to appeal the final judgment, you need not do anything more. However, if you do still wish to appeal, you may have the right to an OUT-OF-TIME APPEAL — but YOU MUST TAKE ACTION to exercise that right by moving for an out-of-time appeal in the trial court. If your motion for an out-of-time appeal is granted, the trial court should appoint another attorney if you want one and cannot pay for one. If your motion for an out-of-time appeal is denied, you may appeal that denial to this court within 30 days of the trial court's decision. *Reese v. State*, 216 Ga. App. 773, 775 (456 SE2d 271) (1995).

*Appeal dismissed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED DECEMBER 4, 1995.

*Christy R. Jindra*, for appellant.
*Robert E. Keller, District Attorney, Brandon Hornsby, Assistant*

*District Attorney*, for appellee.

