## 11434. LOYD v. THE STATE.

Where application for bail was made pending a motion for a new trial by one convicted of rape under a verdict which recommended him to the mercy of the court, it was within the sound discretion of the presiding judge whether the application should be granted; and this court cannot say as a matter of law that his refusal to grant it was an abuse of discretion.

DECIDED JUNE 15, 1920.

Application for bail; from Bleckley superior court — Judge Graham. March 8, 1920.

*John R. Cooper, C. A. Weddington,* for plaintiff in error.

BLOODWORTH, J. Defendant was indicted and tried for rape. The jury found him guilty and recommended him to mercy. Pending a motion for a new trial he made application for bail, and, in his brief, he insists that "the Georgia legislature has made it mandatory upon the trial judges to grant bail after a motion for new trial has been filed;" relying on the act of 1916 (Ga. L. 1916, p. 157). In *Crumley* v. *Gibbs,* 149 *Ga.* 119 (99 S. E. 297), the Supreme Court construed this act, and said: "It was not intended to take away the discretion of the trial judge in the matter of granting bail." Under this ruling it was within the sound discretion of the trial judge to refuse bail in this case, and this court cannot say as a matter of law that he abused his discretion. See also *Barnes* v. *State,* 24 *Ga. App.* 373 (2).

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*