19877. INGRAM *v.* GRIMES, Sheriff.

MOBLEY, Justice.   Horace Ingram brought his petition for habeas corpus, alleging that he was being illegally restrained of his liberty and praying that the writ issue directed to T. Ralph Grimes, Sheriff of Fulton County, requiring him to bring petitioner before the court for the purpose of examining into the cause of detention.   He alleged that he had been convicted in Fulton Superior Court of the offense of bribery on four counts, and sentenced to serve from three to ten years on three of the counts and from one to two years on one count.   He alleged two grounds of illegal detention: first, that, immediately upon publication of the jury's verdict and before passing sentence, the trial judge stated to the jury, "You have rendered a fine service to the community."   It is contended that this amounted to a premature approval of the jury's verdict; that the judge was thereafter disqualified from imposing sentence upon the petitioner; and that said sentence is void.   The second ground is that the trial judge has refused to fix bail for the release of petitioner pending the outcome of petitioner's motion for new trial.   He alleges that he has filed a motion for new trial; that a supersedeas has been granted; that he has tendered bail for his release in any reasonable amount; and that the trial judge refuses to fix a bond or bail in any amount.   After hearing evidence, the trial judge denied the writ and remanded the petitioner to the custody of the respondent.   The exception is to this order.   *Held:*

1. Code § 110-202 provides: "If any judge of any court shall either directly or indirectly express in open court his approval or disapproval of the verdict of the jury in any case tried

before him, he shall be disqualified from presiding in such case in the event a new trial shall be granted." The words of this Code section are clear and unambiguous, and the only disqualification which attaches to a trial judge who violates its provisions is that he shall be disqualified from presiding in a subsequent trial of the case in the event a new trial is granted. The contention that the trial judge in this case was disqualified from imposing sentence upon the defendant is without merit.

2. In *Crumley* v. *Gibbs*, 149 *Ga.* 119 (99 S. E. 297), it was held: "Where a person who was indicted for the crime of murder was convicted of voluntary manslaughter, he was not entitled as a matter of right, pending his motion for a new trial, to demand that he should be admitted to bail; but whether bail should be allowed him or not was a matter within the sound discretion of the presiding judge." Respecting the question of the right to bail, the facts of that case are the same as those of the instant case, differing only in the offense involved. The court there had before it the act of the General Assembly (Ga. L. 1916, p. 157), on which the petitioner here relies. That act, as to the contention raised here, is as follows: "It shall be the right of any person convicted of a crime in this State, which is bailable under the law, and in which case a motion for new trial shall have been filed as provided by law, to give a supersedeas bond immediately upon the filing of such motion for new trial, without having to wait for the signing or filing of a bill of exceptions in such case." In the *Crumley* case this court held that the proper construction of the act was not that it took away the discretion of the trial judge in the matter of granting bail after conviction, but that it authorized the trial judge, in his discretion, to admit a defendant to bail pending the disposition of a motion for new trial, whereas it had formerly been uncertain whether a defendant could be admitted to bail before the filing of a bill of exceptions as provided in Code § 6-1005. Counsel for the petitioner, conceding the *Crumley* case to be a full-bench decision of the court adverse to his contentions in this case, asks the court to review and overrule that case, and to hold that the petitioner, under the act of 1916, has the absolute right to bail. We will not undertake to repeat what was said in *Crumley* v. *Gibbs*, 149 *Ga.* 119, supra, but we reaffirm the ruling there made that the

granting of bail after conviction rests in the sound discretion of the trial court. There being no evidence in this case that the judge abused his discretion in refusing to admit the defendant to bail, his judgment denying the writ and remanding the petitioner to custody is affirmed.

*Judgment affirmed. All the Justices concur. Duckworth, C. J., and Almand, J., concur specially.*

ARGUED OCTOBER 15, 1957—DECIDED NOVEMBER 8, 1957.

*John Tyler, Swift Tyler, Marvin O'Neal, Jr.,* for plaintiff in error.

*Paul Webb, Solicitor-General, Eugene L. Tiller, Carter Goode,* contra.

DUCKWORTH, Chief Justice, concurring specially. I think that the decision in *Crumley* v. *Gibbs,* 149 *Ga.* 119 (99 S. E. 297), is an arbitrary judicial amendment of a plain and unambiguous enactment of the legislature without any semblance of justification therefor in the language of that enactment. I would overrule that decision as being utterly unsound if the requisite number of my associates would agree to do so; but, in the absence of such an agreement, I have no alternative but to follow that decision and concur in the judgment. I am authorized to state that Almand, J., concurs in this special concurrence.