24535. WATTS v. GRIMES, Sheriff.

MOBLEY, Justice. This is an appeal from a judgment of the Superior Court of Fulton County denying the writ of habeas corpus to Alice Watts, who had been convicted of a felony (shoplifting) and sentenced to serve five years. Her contention is that she is being illegally detained because the trial judge denied bail to her pending her appeal. *Held:*

Section 7 of the Appellate Practice Act (Ga. L. 1965, pp. 18, 22; *Code Ann.* § 6-1001) provides: "In all criminal cases, the notice of appeal filed as heretofore provided, shall serve as supersedeas in all cases where a sentence of death has been imposed, or where the defendant is admitted to bail. If the sentence is bailable, the defendant may give bond in an amount prescribed by the presiding judge, with security approved by the clerk, conditioned upon the defendant's personal appearance to abide the final judgment or sentence of the court." The language, "If the sentence be bailable," means where it is bailable in the sound discretion of the trial judge. *Vanderford v. Brand,* 126 Ga. 67 (2), 69 (54 SE 822, 9 AC 617); *Fountain v. Crum,* 148 Ga. 272 (96 SE 337); *Crumley v. Gibbs,* 149 Ga. 119 (99 SE 297); *Ingram v. Grimes,* 213 Ga. 652 (100 SE2d 914); *Sellers v. State,* 112 Ga. App. 607 (145 SE2d 827). Only in misdemeanor cases is one convicted entitled to bail as a matter of law. *Code* § 27-901.

The granting or refusing of bail in felony cases after indictment and conviction is a matter within the sound discretion of the trial court, and this court will not control that discretion unless it has been flagrantly abused. *Bishop v. Wilbanks,* 161 Ga. 305 (130 SE 819); *Smith v. State,* 203 Ga. 636 (47 SE2d 866).

We are of the opinion that Judge Etheridge was correct in denying the writ of habeas corpus, as no abuse of discretion in denying the petitioner bail was shown on the part of Judge Long, who tried the petitioner's case. He had ample cause to deny bail. In its verdict finding the petitioner guilty the jury fixed her punishment at five years and recommended that she be punished as for a misdemeanor. On this issue the court heard from the solicitor general, who presented her F. B. I. record, which showed a conviction for shoplifting in December, 1957, on which she was given a probation sentence, which was later revoked, and that she had been arrested numerous times during the intervening years for shoplifting, prostitution, larceny, sodomy, and narcotics. Based on this information he refused to follow the recommendation of the jury. In denying bail, Judge Long stated that he usually granted bail, but in view of her record for the last ten years, he denied bail.

The burden was on the petitioner for writ of habeas corpus to show that the trial judge abused his discretion in denying bail, and since the evidence at the habeas corpus hearing did not show such an abuse of discretion, we can not say that the judgment remanding the petitioner was erroneous. *Bishop v. Wilbanks,* 161 Ga. 305, supra.

*Judgment affirmed. All the Justices concur.*

ARGUED MARCH 12, 1968—DECIDED APRIL 8, 1968.

*Walter M. Henritze, Jr.,* for appellant.

*Lewis R. Slaton, Solicitor General, J. Walter LeCraw, J. Roger Thompson,* for appellee.