## 29370. WOODS v. THE STATE.

UNDERCOFLER, Justice.

Harry Harold Woods, a/k/a Junkie, was indicted and convicted on three counts for violations of the Uniform Narcotic Drug Act. The indictment and the evidence showed that the defendant sold a named person heroin on three different occasions. After his convictions, the jury was unable to agree on what sentences should be imposed, and the trial judge then sentenced the defendant to three consecutive terms of eight years imprisonment. He appeals to this court. *Held:*

1. Code Ann. § 79A-1105 provides: "In any complaint, information or indictment charging any violation of any provision of this Title, and in any action or proceeding brought for the enforcement of any provision

of this Title, it shall not be necessary to negative any exception, excuse, proviso or exemption contained in this Title, and the burden of proof of any such exception, excuse, proviso or exemption shall be upon the defendant." Ga. L. 1967, pp. 296, 373.

(a) The appellant contends that Code Ann. § 79A-1105 is unconstitutional because it shifts the burden of proof of the lack of authority to sell narcotic drugs to the appellant and therefore deprives him of due process and equal protection. There is no merit in this contention.

"Since it is a fundamental principle that 'In criminal cases, the law requires that the state shall prove all the essential facts entering into the description of a crime' (*Conyers v. State,* 50 Ga. 103, 105), we assume that what the defendant has reference to in this regard is the principle that in certain types of offenses, where proof of the offense involves proof of a negative, and where the state has proven all of the other elements of the offense by positive evidence and has shown by evidence of circumstances consistent therewith that the negative is in truth the fact, and especially where the negative relates to a matter peculiarly within the knowledge of the defendant, then the burden may shift to the defendant to prove that the negative does not exist. If this be the effect of the law here involved, it does not invalidate it. See: *Conyers v. State,* supra; *Blocker v. State,* 12 Ga. App. 81 (76 SE 784); and *McHenry v. State,* 58 Ga. App. 410 (198 SE 818)." *Wallace v. State,* 224 Ga. 255 (3) (161 SE2d 288).

(b) The appellant contends that Code Ann. § 79A-1105 is invalid because it was impliedly repealed by the subsequent passage of Code Ann. § 26-501 (Ga. L. 1968, pp. 1249, 1266).

Code Ann. § 26-501 provides: "Every person is presumed innocent until proved guilty. No person shall be convicted of a crime unless each element of such crime is proved beyond a reasonable doubt."

Code Ann. § 79A-1105 was not impliedly repealed by the passage of Code Ann. § 26-501 since there is no conflict between the sections.

2. The appellant contends that since the state failed to prove his lack of authority to sell drugs, the verdict and judgment were contrary to law and the principles of

justice, contrary to the evidence and without evidence to support it, illegal and unwarranted under the law and evidence, and against the weight of the evidence.

There is no merit in these contentions.

Whether an individual has a license or is otherwise lawfully permitted to have in his possession narcotic drugs under Title 79A is a matter of defense and not an element of the offense. *Rautenstrauch v. State,* 129 Ga. App. 381 (2) (199 SE2d 613); *Ezzard v. State,* 229 Ga. 465 (3) (192 SE2d 374); *Johnson v. State,* 230 Ga. 196 (4) (196 SE2d 385); *Chandle v. State,* 230 Ga. 574 (4) (198 SE2d 289).

3. Captain Julian E. Seymour testified as a witness for the state that he arranged for an investigation into the sale of heroin and other narcotic drugs in Macon. An objection was made to this testimony and other similar subsequent testimony on the ground that it was immaterial, irrelevant and prejudicial to the appellant. The state contended that this testimony laid the foundation for the testimony of subsequent witnesses and explained why an undercover agent was brought to Macon. The evidence was admitted for that limited purpose.

The testimony was admissible for the limited purpose for which it was allowed and the objection of the appellant was properly overruled.

4. The appellant contends that the trial court erred in sentencing him without making an express finding that he would derive no benefit from being sentenced under the Georgia Youthful Offender Act of 1972. Ga. L. 1972, p. 592 (Code Ann. § 77-345 et seq.).

The appellant further argues that the Georgia Youthful Offender Act of 1972 was patterned after the Federal Youth Corrections Act (18 USC 5005 et seq.) and that in the case of Dorszynski v. United States, 418 U.S.— (94 SC 3042, 41 LE2d 855) the United States Supreme Court has held that it is necessary under the federal statute that the record show affirmatively that the trial court considered whether the offender would receive "no benefit" under the Act.

There is no merit in this contention. The Georgia statute is materially different from the federal statute

and specifically provides that: "(a) Nothing in this Act shall limit or affect the power of any court to proceed in accordance with any other applicable provisions of law." Code Ann. § 77-360. Therefore, we hold that it is not necessary for the trial court to make a specific affirmative finding under Georgia law that appellant would receive "no benefit" under the Youthful Offender Act of 1972. Code Ann. § 77-359 (b).

*Judgment affirmed. All the Justices concur, except Gunter, J., who dissents, and Ingram, J., who dissents from the ruling made in Division 4.*

SUBMITTED NOVEMBER 8, 1974 — DECIDED DECEMBER 3, 1974.

*Marchman, Cueto & Henderson, Charles Marchman, Jr.,* for appellant.

*Fred M. Hasty, District Attorney, Walker P. Johnson, Jr., Assistant District Attorney,* for appellee.