66624, 66632. MONTFORD v. THE STATE (two cases).

POPE, Judge.

On January 6, 1983 appellant, Tony Montford, was found guilty of possession of heroin with intent to distribute. He was sentenced to 20 years, fifteen to serve and five years probation. Montford is now appealing the merits of his conviction and sentence in Case No. 66632 and the denial of his appeal bond in Case No. 66624.

1. Appellant cites as his first enumeration of error the general grounds. The evidence shows that on August 5, 1982 the police received a complaint of possible drug selling activity in the vicinity of the intersection of Harwell Street and Mayson Turner Road in northwest Atlanta. Officer Woods, along with Officers Shannon and Underwood, went to the area to check out the complaint. From two vantage points Officer Woods observed appellant in this area. Woods saw seven or eight subjects stop and talk with appellant who was standing on the sidewalk. These subjects would give appellant money and appellant would in turn leave the sidewalk, go behind a tree, kneel down and pick up a white square-shaped object which he would then give to the subjects. Occasionally appellant would hand over the money to another man who was sitting in a Nova parked on the street, who in turn would place the money in a cigar box in the trunk of the car. Approximately $1,500 and some food stamps were found in the Nova.

When the officers moved in to make the arrest, they found a plastic bag behind the tree which contained eleven packets of heroin. After appellant was booked, he admitted the drugs were his and that he was a junkie. We find this evidence more than sufficient to enable any rational trier of fact to conclude beyond a reasonable doubt that the appellant was guilty as charged. See *Robinson v. State,* 164 Ga. App. 652 (2) (297 SE2d 751) (1982); *Anderson v. State,* 152 Ga. App. 268 (3) (262 SE2d 560) (1979).

2. Appellant's second enumeration of error contends that the trial court erred in denying him the right to cross-examine Officer

Woods as to the location of the second point of surveillance. Officer Woods refused to reveal the second point of surveillance because to do so would reveal the identity of the informant. Appellant alleges that this violated his right to a thorough and sifting cross-examination.

OCGA § 24-9-64 (Code Ann. § 38-1705) provides: "The right of a thorough and sifting cross-examination shall belong to every party as to the witnesses called against him." "However, '(t)he scope of cross-examination lies largely within the discretion of the trial court. It will not be disturbed by this court unless it is shown there has been an abuse of that discretion.' " *Mullins v. State,* 157 Ga. App. 204, 207 (276 SE2d 877) (1981). We find no abuse of discretion. Officer Woods observed essentially the same activity from the second point of surveillance as he did from the first; thus, no prejudice resulted from appellant's failure to test the observation. See *Mullins v. State,* supra.

Furthermore, the identity of the informant was privileged. The informant was a mere tipster who neither participated in nor witnessed the offense. Thus, the trial court was correct in not requiring the state to reveal his identity. See *Thornton v. State,* 238 Ga. 160 (2) (231 SE2d 729) (1977); *Johnson v. State,* 164 Ga. App. 501 (4) (297 SE2d 38) (1982).

3. Appellant in his third enumeration of error contends that the trial court erred in admitting into evidence prior criminal acts involving the appellant. Appellant argues that he was denied due process of law and a fair trial. Over appellant's objection the state was allowed to introduce evidence of his involvement in previous drug transactions which occurred almost three years prior to the offense charged here.

" 'Drug cases are no different from any other cases. If the [appellant] is proven to be the perpetrator of another drug crime and the facts of that crime are sufficiently similar or connected to the facts of the crime charged, the separate crime will be admissible to provide identity, motive, plan, scheme, bent of mind, or course of conduct.' " *Gilstrap v. State,* 162 Ga. App. 841, 844 (292 SE2d 495) (1982). In this instance the crimes were similar. They both involved the sale of heroin in small, clear packets in the same area of northwest Atlanta. In each case the buyer would hand over cash in exchange for a packet of heroin. The sales involved person-to-person, on-foot meetings, and appellant was cautious about dealing with people he did not know. Although a period of almost three years had passed, the relevancy of this evidence was not destroyed by this passage of time. See *Gilstrap v. State,* supra.

Moreover, the trial court was careful to charge the jury that similar transactions can only be used to establish identity, motive,

plan, scheme, bent of mind or course of conduct. Thus, this enumeration is without merit.

4. The trial court charged that "it is unlawful for any person to possess with intent to distribute any heroin, a controlled substance, or any compound, mixture, a preparation or salt containing heroin unless authorized by law. The burden shall be on the defendant to show his authority to possess such heroin as provided by law." Appellant argues that this charge impermissibly shifted the burden of proof and was not authorized by the evidence. We disagree. The evidence as set forth in Division 1, supra, established a prima facie case for the state. Thus, pursuant to OCGA § 26-4-3 (Code Ann. § 79A-1105) the burden shifted to appellant to go forward with evidence showing that his possession of heroin with intent to distribute was authorized under OCGA Ch. 26-4 (Code Ann. Title 79A). This shifting of the burden is not unconstitutional as a denial of due process and equal protection. *Woods v. State,* 233 Ga. 347 (1a) (211 SE2d 300) (1974); see *Mobley v. State,* 162 Ga. App. 23 (3) (288 SE2d 702) (1982). Furthermore, "[w]here, after the burden of production shifts to the defendant, no evidence is introduced and no issue is raised as to the applicability of any of the exemptions, the court may properly refuse to instruct the jury as to the statutory exemptions [cit.] or it may instruct the jury that the defendant does not fit under any of the exemptions to the [statute]. [Cits.]" *Nix v. State,* 135 Ga. App. 672, 673 (219 SE2d 6) (1975). See also *Lyle v. State,* 131 Ga. App. 8 (7) (205 SE2d 126) (1974); *Bloodworth v. State,* 129 Ga. App. 40 (1) (198 SE2d 341) (1973). It follows that the trial court's charge as to OCGA § 26-4-3 (Code Ann. § 79A-1105) does not require reversal where, as here, appellant presented no evidence at trial and no issue was raised as to his authority to possess and distribute heroin. Therefore, appellant's fourth enumeration of error has no merit.

5. In appellant's fifth enumeration of error he contends that because of improper comments by the trial court during voir dire, he was denied a fair trial. During voir dire the state objected to appellant's counsel testifying. The trial judge responded: "I understand. He's been doing it all day." The objection was sustained.

"Because of the trial court's broad discretion in regulating and controlling the business of the court, the reviewing court should never interfere with the exercise of that discretion unless it is made to appear that wrong or oppression has resulted from its abuse, or the court in some manner takes away the rights the parties have under the law." *Sierra v. State,* 155 Ga. App. 198, 201 (270 SE2d 368) (1980). There is no evidence of record to support appellant's allegation that the above comment denied him a fair trial. "That defense counsel

may have suffered some embarrassment does not fault the court. . . ." *Hammond v. State,* 157 Ga. App. 647, 649 (278 SE2d 188) (1981). This enumeration has no merit.

6. Appellant's sixth enumeration of error contends that under the totality of the circumstances he was denied his right to a fair trial. However, "[t]his state does not follow a 'cumulative error' rule of prejudice. Any error of record (of which we have found none in this case) must stand or fall upon its own merits and is not aided or aggravated by the accumulative effect of other claims of error." *Butler v. State,* 163 Ga. App. 475, 476 (294 SE2d 700) (1982).

7. Appellant's last enumeration alleges that the trial court erred in denying his motion for appeal bond. According to *Birge v. State,* 238 Ga. 88, 90 (230 SE2d 895) (1976): " 'Release should not be granted unless the court finds that there is no substantial risk the appellant will not appear to answer the judgment following conclusion of the appellate proceedings and that the appellant is not likely to commit a serious crime, intimidate witnesses or otherwise interfere with the administration of justice, and that the appeal is not frivolous or taken for delay.' " In the case at bar the trial court found that in light of the substantial sentence imposed by the court, there was a real risk that appellant would not appear to answer the judgment following conclusion of the appellate proceedings. Furthermore, the trial court found that based on appellant's prior felony record including two prior drug offenses (the last conviction prior to this conviction was also for possession of heroin) there was a real risk that he would commit a serious crime, in particular the possession and sale of heroin.

"The granting or refusing of bail in felony cases after indictment and conviction is a matter within the sound discretion of the trial court, and this court will not control that discretion unless it has been flagrantly abused." *Watts v. Grimes,* 224 Ga. 227 (161 SE2d 286) (1968). We find no abuse here in denying the motion for appeal bond.

*Judgments affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 13, 1983 —

*Mark J. Kadish, E. Marcus Davis,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Thomas W. Hayes, Margaret V. Lines, Assistant District Attorneys,* for appellee.