## 74181. SELLERS v. THE STATE.
(355 SE2d 770)

BANKE, Presiding Judge.

The defendant was tried on a seven-count indictment charging him with possession of cocaine, possession of more than one ounce of marijuana, and possession, with intent to distribute, of the drugs codeine, diazepam, temazepam, chorionic gonadotropin, and aminoacetic acid. He was found not guilty of the aminoacetic acid charge and guilty of all the other charges. On appeal, he contends that the trial court gave an unconstitutionally burden-shifting charge with respect to his sole defense, which was that he had possessed all of the drugs except the marijuana and the cocaine under the authority of valid medical prescriptions.

The drugs were seized from a safe during the execution of a search warrant at a health spa owned and operated by the defendant. Although the defendant testified that he had obtained all of the drugs except the cocaine and the marijuana pursuant to medical prescriptions, he presented no documentary evidence or medical testimony whatever to substantiate this claim. The pharmacist who had supplied the drugs in question to the defendant, testifying as a state's witness, stated that between January of 1984 and June of 1985 he had filled prescriptions furnished to him by the defendant for the drugs in question but had also furnished him with refills in excess of the number authorized by the prescriptions and that, in addition, he had furnished the defendant with approximately 2,000 Valium (diazepam) tablets, 500 Restoril (temazepam) tablets, 2,000 Empirin (codeine) tablets, and 50 vials of Crescormon (aminoacetic acid) and APL (chorinic gonadotropin) without reference to any prescriptions. Bank records introduced at trial revealed that the defendant had spent $52,269 at the pharmacy during this period of time. The defendant denied having distributed any of these drugs to other persons, maintaining that he had either used them himself in connection with a competitive weight-lifting and body-building regimen in which he was engaged or had stockpiled them for future personal use. *Held*:

The Georgia Controlled Substances Act specifies that the state need not "negate any exemption or exception in any . . . indictment . . . or in any trial . . . or other proceeding under this article" and

that "[t]he burden of proof of any exemption or exception is upon the person claiming it." OCGA § 16-13-50 (a). In *Strong v. State*, 246 Ga. 612, 616 (8) (272 SE2d 281) (1980), the Georgia Supreme Court upheld the constitutionality of a similar code section, former Code Ann. § 79A-1105 (OCGA § 26-4-3). However, the Court went on to hold in that case, which involved a prosecution against a physician for prescribing a controlled substance for other than a "legitimate medical purpose," that the statute would be unconstitutionally applied if interpreted to permit a jury instruction to the effect that the burden was on the defendant physician to prove he had written the prescription in question for a legitimate medical purpose. Id. at 616-617.

Without reference to *Strong*, supra, this court, in *Montford v. State*, 168 Ga. App. 394 (4) (309 SE2d 650) (1983), subsequently upheld a drug conviction in the face of a burden-shifting charge similar to the one at issue in the present case. In support of that decision, the court cited *Woods v. State*, 233 Ga. 347 (1a) (211 SE2d 300) (1974). However, *Woods* did not involve a jury charge but rather the sufficiency of the evidence to support a conviction for selling heroin. The defendant in *Woods*, whose alias was "Junkie," had made no attempt to prove that he was licensed or otherwise authorized by statute to possess or sell heroin; and the Supreme Court simply held that the absence of such authorization was not an element of the offense which the state was required to prove in order to obtain a conviction under such circumstances. Id. at 349.

The defendant in *Montford* similarly was charged with possession of heroin and similarly made no attempt to show that he was statutorily authorized to possess and distribute the drug. While not specifically approving the trial court's charge placing the burden of proving such authority on the defendant, we held that it was not cause for reversal under such circumstances that the charge was given. That holding, of course, boils down to nothing more than an application of the general rule that a burden-shifting instruction on an element which is not at issue in the trial of a case is harmless. See *Collins v. Francis*, 728 F2d 1322, 1330 (11th Cir. 1984).

Unlike the defendants in *Woods* and *Montford*, the defendant in the present case did raise an issue as to his authority to possess at least some of the substances which he was on trial for possessing. It is a rule of long standing in this state that "charges which place any burden of persuasion upon the defendant in criminal cases . . . will be deemed erroneous and subject to reversal, absent harmless error and invited error." *State v. Moore*, 237 Ga. 269, 270 (227 SE2d 241) (1976). See also *Sandstrom v. Montana*, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979); *Francis v. Franklin*, 471 U. S. ___ (105 SC 1965, 85 LE2d 344) (1985). The defendant's convictions of possessing all the drugs which he claimed to have received pursuant to valid medi-

cal prescriptions (that is, everything except the marijuana and the cocaine) must consequently be reversed. However, as there was no issue regarding the defendant's authority to possess the marijuana and cocaine, his convictions on those two charges are affirmed.

*Judgment affirmed in part and reversed in part. Carley and Benham, JJ., concur.*

DECIDED MARCH 19, 1987.

*J. Richardson Brannon*, for appellant.

*C. Andrew Fuller, District Attorney, Daniel A. Summer, Assistant District Attorney*, for appellee.