### A06A0905. ATKINSON v. THE STATE.
(634 SE2d 828)

MIKELL, Judge.

Following a jury trial, Richard Atkinson was convicted of possession with intent to distribute Lorcet (Count 1), sale of Lorcet (Count 3), and not keeping prescribed drugs in their original container (Count 4). On appeal, Atkinson challenges the sufficiency of the evidence of his convictions under Counts 1 and 3. We affirm.

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Atkinson] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The jury's verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[1]

---

[1] (Footnote omitted.) *Helton v. State,* 271 Ga. App. 272 (609 SE2d 200) (2005). See *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the evidence shows that on the evening of December 28, 2002, Investigator Dennis Merriman of the McIntosh County Sheriff's Department was patrolling a known drug area, when he noticed a suspicious vehicle stopped at the home of Jeramy Sollenberger. The vehicle remained at Sollenberger's residence for a few minutes and then left. At that point, Merriman observed the vehicle run a stop sign. He initiated a traffic stop, exited his unmarked car, and approached the vehicle just as additional police units arrived on the scene. As Merriman approached the vehicle, he smelled a strong odor of marijuana and asked the driver, Ida McNear Palmer, if officers could search the car. Palmer consented, and officers discovered a piece of a marijuana cigarette in the ashtray. A female deputy searched Palmer and "found one pink oblong pill, being a Watson 502, half scored on the other side." Officers also searched Atkinson, a passenger in the car, and recovered from the waistband of his pants a plastic zip-lock bag containing 35 "Watson 502 half scored pink pills." At trial, the pills were identified as Lorcet (painkiller composed of hydrocodone and acetaminophen), a Schedule III controlled substance. Palmer, Atkinson, and another passenger were arrested and taken to the police station for questioning. Merriman advised Palmer and Atkinson of their *Miranda* rights, and both signed waiver of rights forms. Palmer told Merriman that Atkinson gave her the pill earlier that evening. Atkinson confirmed Palmer's statement and told Merriman that he had a prescription for Lorcet.

After interviewing Palmer and Atkinson, officers returned to Sollenberger's home to question him. Sollenberger told officers that Atkinson came to his home around 9:00 p.m. that evening and sold him four Lorcet pills for $20.

At trial, Palmer testified that Atkinson has a prescription for Lorcet and that he gave her one to help her headache, but that she had not yet taken it when she was stopped by Merriman. Sollenberger testified at trial that Atkinson gave him four Lorcet pills, but that he did not pay for them. He denied telling Merriman that he paid Atkinson for the pills but admitted pleading guilty to possession of Lorcet and marijuana. Atkinson testified that he had a prescription for Lorcet and that he gave the pills to Palmer and Sollenberger, but he denied selling them to anyone.

On appeal, Atkinson argues that the evidence was insufficient as to Counts 1 and 3 because he had a valid prescription for Lorcet, and Sollenberger did not pay him for the pills. We disagree.

As to Count 1, OCGA § 16-13-30 (b) provides that "it is unlawful for any person to . . . deliver, distribute, dispense, administer, sell, or possess with intent to distribute any controlled substance." Lorcet is

a controlled substance.[2] The state introduced evidence that Atkinson was hiding 35 Lorcet pills in a plastic zip-lock bag without a label indicating a valid prescription in the waistband of his pants and that he gave one pill to Palmer. Though Atkinson may have been authorized to possess Lorcet, he was not authorized to distribute the drug.[3] The evidence was sufficient to sustain the conviction under *Jackson v. Virginia*.[4]

As to Count 3, Atkinson's claim that he never received money for the four Lorcet pills fails. "It is the jury's prerogative to choose what evidence to believe and what to reject."[5] Here, the jury obviously rejected Sollenberger's testimony at trial and instead chose to believe Merriman's testimony that on the evening of the incident Sollenberger told police that he paid Atkinson $20 for four Lorcet pills.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED JULY 25, 2006.

*Earle J. Duncan III*, for appellant.
*Tom Durden, District Attorney, Cris E. Schneider, Assistant District Attorney*, for appellee.

---

[2] OCGA § 16-13-27 (4) (D).

[3] Compare *Woods v. State*, 233 Ga. 347, 349 (2) (211 SE2d 300) (1974) (rejecting defendant's argument that state must prove his lack of authority to sell drugs: "[w]hether an individual has a license or is otherwise lawfully permitted to have in his possession narcotic drugs . . . is a matter of defense and not an element of the offense") (citations omitted); *Sellers v. State*, 182 Ga. App. 277, 278-279 (355 SE2d 770) (1987) (reversing convictions of possessing drugs for which defendant claimed to have a valid prescription because jury charge erroneously placed burden upon defendant to prove that he possessed the controlled substances pursuant to a valid prescription); *Montford v. State*, 168 Ga. App. 394, 396 (4) (309 SE2d 650) (1983) (where defendant presented no evidence at trial and no issue was raised as to his authority to possess and distribute heroin, trial court did not err in charging jury that "[t]he burden shall be on the defendant to show his authority to possess such heroin as provided by law") (punctuation omitted); *Nix v. State*, 135 Ga. App. 672, 674 (219 SE2d 6) (1975) (conviction for unlawful possession of amphetamines reversed where defendant claimed he legally possessed drugs under valid prescription and trial court failed to instruct the jury on the specific exemption raised by defendant as his sole defense).

[4] Supra. See, e.g., *Ross v. State*, 210 Ga. App. 455, 458 (3) (436 SE2d 496) (1993) (affirming conviction for possession with intent to distribute Demerol where evidence showed that defendant sold validly prescribed pills to fellow inmate).

[5] (Punctuation and footnote omitted.) *Mobley v. State*, 277 Ga. App. 267, 271 (1) (626 SE2d 248) (2006).