306 Ga. 854
FINAL COPY

S18G1495.  PENNINGTON v. THE STATE.

ELLINGTON, Justice.

Following a jury trial, Charles Lee Pennington and Jay Harlan Briele were found guilty of possessing with intent to distribute methamphetamine within 1,000 feet of an elementary school, in violation of OCGA § 16-13-32.4 (a).[1] At trial, Pennington and Briele requested that the jury be instructed on an affirmative defense provided in the Georgia Controlled Substances Act,[2] specifically,

---

[1] OCGA § 16-13-32.4 (a) provides:

It shall be unlawful for any person to manufacture, distribute, dispense, or possess with intent to distribute a controlled substance or marijuana in, on, or within 1,000 feet of any real property owned by or leased to any public or private elementary school, secondary school, or school board used for elementary or secondary education.

Pennington was also found guilty of trafficking methamphetamine. The Court of Appeals determined that the evidence was sufficient as to his convictions. *Pennington v. State*, 346 Ga. App. 586, 587-588 (1) (816 SE2d 762) (2018). In his direct appeal, Pennington also unsuccessfully challenged the striking of a prospective juror. Id. at 588-591 (2). Neither of these holdings is before this Court.

[2] OCGA § 16-13-20 et seq.

that the conduct prohibited by OCGA § 16-13-32.4 (a) took place entirely within a private residence, that no minors were present in the residence at any time during the commission of the offense, and that the prohibited conduct was not carried on for financial gain.[3] The trial court denied the request and, in denying Pennington's motion for a new trial, explained that the court refused to instruct the jury on the affirmative defense because Pennington and Briele, neither of whom testified at trial, did not admit doing the act charged, that is, possessing with intent to distribute methamphetamine, and because neither the State nor either defendant presented any evidence that the "active meth lab"[4] in

---

[3] OCGA § 16-13-32.4 (g) provides:

It is an affirmative defense to prosecution for a violation of this Code section that the prohibited conduct took place entirely within a private residence, that no person 17 years of age or younger was present in such private residence at any time during the commission of the offense, and that the prohibited conduct was not carried on for purposes of financial gain. Nothing in this subsection shall be construed to establish an affirmative defense with respect to any offense under this chapter other than the offense provided for in subsection (a) of this Code section.

[4] In searching Pennington's residence on September 25, 2014, an investigator, who was trained in processing and securing meth labs, observed a pervasive chemical smell that is common around active methamphetamine

2

Pennington's residence was not being used for financial gain. The Court of Appeals affirmed Pennington's convictions, reasoning that, because he did not admit that he possessed with intent to distribute methamphetamine near a school, he was not entitled to the affirmative defense he requested. *Pennington v. State*, 346 Ga. App. 586, 591 (3) (816 SE2d 762) (2018).

Pennington petitioned for a writ of certiorari, and this Court granted his petition to consider the following questions: "What, if anything, must a criminal defendant admit in order to raise an affirmative defense? Must the defendant make any such admissions for all purposes or only for more limited purposes?" This Court addressed these questions in *McClure v. State*, 306 Ga. __ (__ SE2d

production and found a plastic sports-drink bottle of the type commonly used as a reaction vessel in the "one pot" or "shake and bake" method of manufacturing methamphetamine that contained methamphetamine residue and other equipment that would commonly be used in the process, including a coffee grinder, a plastic funnel, an air pump, and associated tubing. The investigator also found a glass jar containing a liquid, later identified as methamphetamine base, which, the investigator explained, is an organic solvent in which a product of the initial chemical reaction is trapped and which must be chemically neutralized, filtered, and dried in order to extract methamphetamine in a consumable form. The only methamphetamine found in the residence was residue in the reaction vessel, residue on a coffee filter, residue in one plastic baggie, and residue on the outside of a glass pipe.

3

__) (2019), which we also decide today. In that case, we answer the questions as follows:

> A criminal defendant is not required to "admit" anything, in the sense of acknowledging that any particular facts are true, in order to raise an affirmative defense. To the extent a defendant in raising an affirmative defense accepts for the sake of argument that he committed the act alleged in a charge, the defendant may do so only for the limited purpose of raising the affirmative defense at issue.

*McClure*, 306 Ga. at 857. As is the case generally, "to authorize a requested jury instruction, there need only be slight evidence supporting the theory of the charge." Id. at 863 (citation and punctuation omitted). And the defendant need not present evidence to support the theory of an affirmative defense, if the State's evidence raises the issue. Id. at 863.

It follows from our holdings in *McClure* that the Court of Appeals erred in affirming the trial court's denial of Pennington's request for a jury instruction on the affirmative defense set out in OCGA § 16-13-32.4 (g) solely on the basis that Pennington did not admit that he possessed with intent to distribute methamphetamine

4

near a school. *McClure,* 306 Ga. at 864 (1). Accordingly, we vacate the judgment and remand to the Court of Appeals for consideration of whether the trial court erred in failing to give the requested instruction, that is, whether the instruction was supported by at least slight evidence, and, if so, whether any such instructional error was harmful. See id.

*Judgment vacated and case remanded. All the Justices concur.*

DECIDED OCTOBER 7, 2019.
Certiorari to the Court of Appeals of Georgia — 346 Ga. App. 586.
*Huggins Peil, Jeffrey F. Peil*, for appellant.
*Natalie S. Paine, District Attorney, Joshua B. Smith, Assistant District Attorney*, for appellee.