**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**RICKMAN and MARKLE, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**March 23, 2020**

# In the Court of Appeals of Georgia

A18A0154. PENNINGTON v. THE STATE.

McFADDEN, Chief Judge.

Charles Lee Pennington, Jr. was convicted of trafficking in methamphetamine (OCGA § 16-13-31 (f) (1)) and possession with the intent to distribute a controlled substance near a school (OCGA § 16-13-32.4). In *Pennington v. State*, 346 Ga. App. 586 (816 SE2d 762) (2018), we affirmed his convictions. In Division 1 of our opinion, we held that the evidence was sufficient to support the convictions. Id. at 587-588 (1). In Division 2 of our opinion, we held that the trial court did not err in striking a prospective juror for cause. Id. at 588-591 (2). And in Division 3 of our opinion, we held that the trial court did not err by failing to instruct the jury on an affirmative defense to prosecution for possession with intent to distribute near a

school, reasoning that Pennington was not entitled to the charge on the affirmative defense because he had not admitted the act. Id. at 591 (3).

The Supreme Court of Georgia granted certiorari to review Division 3 of our opinion. In *Pennington v. State*, 306 Ga. 854 (834 SE2d 63) (2019), the Court held that a

> criminal defendant is not required to 'admit' anything, in the sense of acknowledging that any particular facts are true, in order to raise an affirmative defense [and that we had] erred in affirming the trial court's denial of Pennington's request for a jury instruction on the affirmative defense . . . solely on the basis that Pennington did not admit that he possessed with intent to distribute methamphetamine near a school.

Id. at 855-856 (citation omitted). So the Court vacated our judgment and remanded the case to us "for consideration of whether the trial court erred in failing to give the requested instruction, that is, whether the instruction was supported by at least slight evidence, and, if so, whether any such instructional error was harmful." Id. at 856.

Because the Supreme Court neither addressed nor considered Divisions 1 and 2 of our opinion in *Pennington v. State*, 346 Ga. App. 586, and those Divisions are not inconsistent with the Supreme Court's own opinion, Divisions 1 and 2 became "binding upon the return of the remittitur." *Shadix v. Carroll County*, 274 Ga. 560,

563 (1) (554 SE2d 465) (2001). We vacate Division 3 of our earlier opinion and in place of that Division we adopt as our own the Supreme Court's opinion in *Pennington v. State*, 306 Ga. 854. We further hold that the trial court erred in failing to charge the jury on the affirmative defense and that the error was harmful, so we reverse Pennington's conviction for the offense of possession with intent to distribute methamphetamine near a school.[1]

1. *Facts.*

The earlier appellate decisions set forth in detail the trial evidence in this case. See *Pennington v. State*, 306 Ga. at 854-855; *Pennington v. State*, 346 Ga. App. at 587-588 (1). In summary, Pennington lived in a shed on property adjacent to an elementary school, less than 100 feet away from the school property. *Pennington*, 346 Ga. App. at 587 (1). Acting on a tip, and with Pennington's consent, law enforcement officers searched the shed and found what appeared to be an active methamphetamine lab, equipment and substances used in methamphetamine production, traces of methamphetamine residue on a glass pipe and in a used plastic baggie, and numerous

---

[1] Because the evidence was sufficient to support Pennington's conviction of that offense, *Pennington*, 346 Ga. App. at 588 (1) (b), he may be retried. *Henry v. State*, 307 Ga. 140, 146 (2) (c) n. 6 (834 SE2d 861) (2019).

empty, unused plastic baggies of a type used in the distribution or storage of drugs. Id.

2. *Slight evidence supported the instruction on the affirmative defense.*

As explained in our earlier decision in this case, the evidence authorized Pennington's conviction under OCGA § 16-13-32.4 (a) for possession with intent to distribute a controlled substance near a school. *Pennington*, 346 Ga. App. at 588 (1) (b). That Code section provides an affirmative defense to the offense if "the prohibited conduct took place entirely within a private residence, that no person 17 years of age or younger was present in such private residence at any time during the commission of the offense, and that the prohibited conduct was not carried on for purposes of financial gain." OCGA § 16-13-32.4 (g).

Pennington asked the trial court to charge the jury on this affirmative defense. The trial evidence entitled him to the charge. "[T]o authorize a requested jury instruction, there need only be slight evidence supporting the theory of the charge." *Pennington*, 306 Ga. at 855 (citation and punctuation omitted). "The evidence necessary to justify a jury charge need only be enough to enable the trier of fact to carry on a legitimate process of reasoning." *Koritta v. State*, 263 Ga. 703, 704-705 (438 SE2d 68) (1994). "[T]he defendant need not present evidence to support the

4

theory of an affirmative defense, if the [s]tate's evidence raises the issue." *Pennington*, supra.

There was at least slight evidence at trial that Pennington's possession of methamphetamine took place entirely within the shed which was his residence. The traces of methamphetamine residue were found inside the shed. The setup described by witnesses as an "active methamphetamine lab" was found inside the shed, and the investigating officer found no evidence of production outside the shed. The only methamphetamine-related items found outside the shed were empty, discarded containers of substances used in methamphetamine production. Whether the existence of these discarded containers meant that Pennington had possessed methamphetamine outside of his residence (and so could not use the affirmative defense) was a question for the jury. See *Clark v. State*, 307 Ga. 537, 539-540 (1) (837 SE2d 265) (2019) (it is for the jury to determine whether the state has met its burden of disproving an affirmative defense that is supported by some evidence).

There was at least slight evidence at trial that no minors were present in the shed when Pennington possessed methamphetamine. The property on which the shed stood was separated from the school property by a wooded area and a chain-link fence. The two people who lived in the shed with Pennington — his daughter and her

5

boyfriend — were both over the age of 17. An investigating officer found no evidence that anyone under the age of 17 had been inside the shed. This evidence, while circumstantial, permitted an inference that no persons aged 17 or younger were present when Pennington used methamphetamine. See generally *Woods v. State*, 233 Ga. 347, 348 (1) (a) (211 SE2d 300) (1974) (discussing issues of proof when element of criminal offense requires proving a negative).

Finally, there was at least slight evidence at trial that Pennington did not possess methamphetamine for the purpose of financial gain. The evidence that only trace amounts of methamphetamine were found, in a glass pipe and a used plastic baggie, could support the theory that the methamphetamine was merely for personal use. And the officers did not find in the shed other items associated with the sale of drugs, such as digital scales, cash, or methamphetamine in baggies ready to sell. In contrast, in *Harkins v. State*, 281 Ga. App. 512, 515-516 (2) (636 SE2d 698) (2006), which the state cites for the argument that the evidence in this case did not authorize a charge on the affirmative defense in OCGA § 16-13-32.4 (g), the defendant did not deny that drugs were sold at her residence but argued that she was not a part of the drug-selling enterprise that her boyfriend ran from the residence.

6

Because there was slight evidence supporting the affirmative defense requested by Pennington, the trial court erred in refusing to charge the jury on the defense. See *Henry v. State*, 307 Ga. 140, 145 (2) (b) (834 SE2d 861) (2019).

3. *The error was harmful.*

"The test for determining nonconstitutional harmless error is whether it is highly probable that the error did not contribute to the verdict. And in determining whether such an error is harmless, we assess the evidence from the viewpoint of reasonable jurors, not in the light most favorable to the verdict[ ]." *Henry*, supra at 146 (2) (c) (citations and punctuation omitted).

We cannot say that it was highly probable the trial court's failure to instruct the jury on the statutory affirmative defense to the offense of possession of methamphetamine near a school did not contribute to the jury's verdict on that charge. "The trial court's refusal to give [the] instruction deprived [Pennington] of one of [his] defense theories . . . and thus deprived [him] of the chance for the jury to [acquit him based on the affirmative defense]." *Shah v. State*, 300 Ga. 14, 22 (2) (b) (793 SE2d 81) (2016).

*Judgment affirmed in part and reversed in part. Rickman and Markle, JJ., concur.*